CITY OF SIOUX FALLS, Respondent, v. WALSER, Appellant.

(187 N. W. 821.)

(File No. 5050.   Opinion filed April 10, 1922.   Rehearing denied May 16, 1922.)

1.  Intoxicating Liquors—Manufacture, Sale, Etc., of Wine, Ordinance Prohibiting—Wine and Containers, Seized Under Search Warrant, Whether Competent Evidence Against Defendant—Federal 4th and 5th Amendments, Whether Binding on State Courts—Adjudicated Law Stated.

27—Vol. 45, S. D.

The Fourth and Fifth Amendments to the Federal Constitution, relating respectively to immunity of person from giving evidence against himself, and to security of persons, houses, papers, etc., do not govern the several states, and are not controlling upon state courts; such being the adjudicated law. Hence, our state courts, when considering the correlative provisions of the State Constitution, Secs. 9 and 11, Art. 6, are not controlled by federal decisions. So held, where defendant, prosecuted under a city ordinance prohibiting manufacture of wine for sale, etc., complains that wine and containers thereof, etc., taken from his premises under search warrant, were admitted in evidence against him.

2. **Same—Personalty Found on Defendant's Premises, Seized Under Illegal Warrant, Whether Competent Evidence Against Him—State Versus Madison Adhered To, Federal Decision Not Conflicting.**

In determining whether wine and containers thereof, etc., found in a cellar where defendant was found manufacturing wine for sale, etc., and seized by officers while searching for illegal manufacture of intoxicating liquors prohibited by a city ordinance, under a search warrant claimed by defendant to have been illegal and issued unlawfully, were properly admitted in evidence against defendant on trial for violation of the ordinance, held, that while the language used in the opinion in State v. Madison, 23 S. D. 584, 122 N. W. 647, may have been too broad in deciding that where personalty is otherwise competent as evidence, the mere fact that it may have been seized under an illegal search warrant did not affect its admissibility in evidence against one in whose possession it was found; yet no federal decisions are cited which conflict with that decision; the distinction between certain of those decisions and the instant case being, that the federal cases involved seizure of property of which the person complaining was lawfully possessed and where seized in name of government without warrant or under invalid warrant, the purpose of seizure being merely for use of the property as evidence.

3. **Same—National Prohibition Act Prohibiting Possession of Intoxicating Liquor And Incidental Property, Non-property Rights In, As Law of State—Forfeiture of Property.**

Sec. 25 of National Prohibition Act (41 U. S. Stat. at L., 315,). providing in part that it shall be unlawful to have or possess liquor or property designed for manufacture of liquor intended for use in violating said Act, etc., and that no property rights shall exist in any such liquor or property, enacted by Congress under authority of the federal Constitution, in the law of, and applies to property in, this state; and such liquor

and property are, before seizure, forfeited to the United States, and even its irregular seizure is not seizure of property of parties in whose possession found; and such seizure does not violate amendments 4 or 5 of federal Constitution, hence the property so seized is competent evidence (United States v. Fenton, 268 Fed. 221; United States v. Borowski, 268 Fed. 408.)

4.    **Same—Seizure Under Warrant of Such Property Being And Intended To Be Used In Violation of National Act, State Statute and City Ordinance, Property Admitted In Evidence Regardless of Rightfulness of Seizure.**

Where officers made known that they were present for seizure of intoxicating liquors and utensils used in its unlawful manufacture in violation of National Prohibition Act (41 U. S. Stat. at L., 315,) of Sec. 10244, Code 1919, and of a city ordinance of similar character, and that they were acting under search warrant, and who made search thereunder; that upon gaining admission to the house they detected odor of liquor, "followed the smell" and found the exhibits in basement, i. e., wine in a barrel, wine mash, bottles containing wine or mash, defendant telling them he was making wine "right along," that he bottled it and refilled barrel with mash, that he made it on "50-50 basis" with another occupant of house, that he "gave parties there and gave it to friends;" held, the admission in evidence of such property against defendant on trial, violated no right of defendant; since by its use it stood forfeited, its seizure violated no right of defendant, regardless of whether search was rightful.

5.    **Same—City Ordinance, Whether Authorized—Eighteenth Amendment As Authority, Whether A Declaration of Legislative Power to Congress—Coordinate Power of States and Congress.**

That part of the Eighteenth Federal Amendment declaring that Congress and the several States shall have concurrent power to enforce that article "by appropriate legislation," in effect confers like powers upon the several states in Congress, and either may pass appropriate legislation looking to enforcement of that Amendment, so long as state legislation does not conflict with national; and the right to legislate concerning intoxicating liquors has not thereby been delegated to the Federal Government.

Appeal from Municipal Court of the City of Sioux Falls, S. D.    Hon. MARTIN BERGH, Judge.

The defendant, Matt Walser, was convicted of the offense of violating an ordinance of the City of Sioux Falls making it unlawful to manufacture, for sale, barter, trade, gift, or beverage purposes, wine in said city, and he appeals.    Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Parliman & Parliman,* for Respondent.

(4) To point· four of the opinion, Appellant cited:· Gouled v. U. S. (U. S. Sup. Ct.) decided February 28, 1921; Adv. Sheet No. 10 (1920-1) page 311; Amos v. U. S. (U. S. Sup. Ct.) decided February 28, 1921, Adv. Sheet No. 10, (1920-1) page 316; Silverthorne Lumber Co. v. U. S. (U. S. Sup. Ct.) decided January 26, 1920, Adv. Sheet No. 7, (1919-20) page 208.

Respondent cited: U. S. v. Borkowski, 268 Fed. 412; U. S. v. Fenton, 268 Fed. 221; Connelly v. U. S., 275 Fed. 509; U. S. v. Rykowshi, 267 Fed. 866; Yoeman v. C. W., 13 A. L. R. 1309.

(5) To point five, Appellant cited: Rhode Island v. Palmer (U. S. Sup. Ct.) decided June 7, 1920, Adv. Sheet No. 16, (1919-20), page 612.

Respondent cited: State of Kansas v. Bradley, 26 Fed. 289; U. S. v. Viess, 273 Fed. 279.

WHITING, J. [1] Defendant was convicted of violating an ordinance of the city of Sioux Falls; and he appeals from the judgment of conviction. The ordinance declares, among other things, that it is unlawful for any person to manufacture for sale, barter, trade, gift, or beverage purposes, any wine in said city. Part of the evidence introduced upon the trial consisted of some wine and certain other articles of personal property. The testimony showed that these articles of personal property were used in the manufacture of the wine and as containers for same. The articles so introduced in evidence had been seized by officers purporting to act under a search warrant.

Appellant contends: That the law under which the search warrant issued is unconstitutional; that the search warrant was issued by a party having no authority to issue same; that, because the property had been seized under an invalid warrant, the court erred in not ordering the return of said property to appellant, and in receiving such property in evidence; and that the ordinance alleged to have been violated was itself invalid.

[2] This court, in the case of State v. Madison, 23 S. D. 584, 122 N. W. 647, held that, where personal property was otherwise competent as evidence, the mere fact that it may have been seized under an illegal search warrant did not affect its admissibility in evidence against one in whose possession it was found.

If we should follow such decision, it will be seen that it is entirely immaterial whether or not the search warrant was invalid for either of the reasons urged by appellant. However, appellant cites several decisions by federal courts, including decisions by the highest court of our land, which he contends entirely overturn the holding of this court in State v. Madison. The question involved is whether or not the receipt in evidence of personal property seized under an invalid search warrant is a violation of section 9, art. 6, of our Constitution, providing that no person shall be compelled, in any criminal case, to give evidence against himself; and a violation of section 11, art. 6, of such Constitution, providing that the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated.

It seems to be the contention of appellant that the holdings of the federal court declaring the effect of the Fourth and Fifth Amendments to the federal Constitution (being in effect the same as sections 9 and 11, supra) are controlling upon this court. That said Amendments 4 and 5 do not govern the several states and the courts thereof is the settled law of this country. State v. Brennan, 2 S. D. 384, 50 N. W. 625; Eilenbecker v. Plymouth County, 134 U. S. 31, 10 Sup. Ct. 424, 33 L. ed. 801; Lloyd v. Dollison, 194 U. S. 445, 24 Sup. Ct. 703, 48 L. ed. 1062, Ensign v. Commonwealth of Pa., 227 U. S. 592, 33 Sup. Ct. 321, 57 L. ed. 658. It follows, therefore, that the courts of this state, when considering sctions 9 and 11, supra, are not controlled in thier decisions by the decisions of the federal courts, as would be the case provided the provisions of the federal Constitution were in and of themselves controlling upon the several states and the courts thereof. Nevertheless, the views of the federal courts as to the force and effect of these federal amendments are entitled to most carful consideration by us when we are considering the force and effect of like provisions of the state Constitution; and, if we should find that the federal decisions are in conflict with a decision of this court, we should hesitate to follow our decision rather than those of a tribunal whose decisions are entitled to such consideration as those of the Supreme Court of our land. The following decisions, later than those cited in State v. Madison,

are in entire harmony with the holding of this court in that case: Adams v. New York, 192 U. S. 385, 24 Sup. Ct. 372, 48 L. ed. 575; Hardesty v. United States, 164 Fed. 420, 91 C. C. A. 1; Hartman v. United States, 168 Fed. 30, 94 C. C. A. 124; Ripper v. United States, 178 Fed. 24, 101 C. C. A. 152; Lum Yan v. United States, 193 Fed. 970, 115 C. C. A. 122. The first decision of the federal Supreme Court that is asserted to be out of harmony with the holding of this court in State v. Madison is that in Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. ed. 746; but the court, in Adams v. New York, fully discusses that case and clearly points out wherein the facts of the case differentiate it from the Adams Case and therefore from the case at bar and from State v. Madison. The Boyd Case holds, in effect, that the property in question was such as would not be subject to seizure at all—that its seizure, even under a lawful writ, would be an unreasonable seizure. Appellants rely particularly upon the decisions in Silverthorne v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. ed. 319; Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. ed. ——; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. ed. ——, and Burdeau v. McDowell, 256 U. S. ——, 41 Sup. Ct. 574, 65 L. ed. ——, decided by the federal Supreme Court June 1, 1921. An examination of the decisions cited discloses that the language used in State v. Madison may have been too broad; but such examination also discloses that nothing said by the federal Supreme Court, in those cases, has any bearing upon the question before us; and this because of the difference in the facts. What is virtually held in those cases is: That the seizure of some kinds of property, for the purpose of using such property in evidence, would be, because of the nature of such property, an unreasonable seizure even under a valid search warrant; that property, seized *in the name of the government* but without warrant or under an invalid warrant, cannot be properly used in evidence where the possession of the property, by the person from whom seized, was lawful, and the purpose of seizing such property was merely for its use as evidence; and that property, otherwise competent as evidence, is not inadmissible simply because it was wrongfully taken—even stolen

—from its owner if the *government* was in no sense a party to such wrongful seizure.

[3] Section 25 of the National Prohibition Act, 41 U. S. Statutes at Large, 315, reads in part:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property."

This law, enacted by Congress under the authority of the federal Constitution, is the law of, and applies to property in, this state. In United States v. Fenton (D. C.) 268 Fed. 221, it was held that liquors and personal property, coming under the provisions of the law just quoted, are, before their seizure, forfeited to the United States; that the seizure thereof, even if irregular, is not the seizure of the property of the parties in whose possession found; that such seizure does not violate Amendments 4 or 5 of the federal Constitution; and that the property so seized is therefore competent evidence. The court in that case said:

"However, if at all, irregularly the officers proceeded, the defendants have no right to return of the property, nor to object to its use in evidence, whatever other, if any, right or remedy they may have."

In United States v. Borkowski (D. C.) 268 Fed. 408, the court said:

"What has been said has some bearing on the Borkowski and Lucas Case, in consideration of which we are to keep in mind Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, and Silverthorne Lumber Co. v. N. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. ed. 319, decided January 26, 1920. We have this situation: A warrant had been issued for the search of a nearby house. While engaged in the search, the officers smelled raisins in the process of cooking somewhere. They saw a light in the cellar of a house, perhaps two or three doors away. Persons could be seen there moving around. The officers went to such a house and, entering the cellar, found a still in operation. They discovered the defendants in the commission of an act of a criminal character, a felony, and, having declared their purpose to search the premises, proceeded to do so. The evidence, although somewhat controverted,

is that there was no objection made by either of the defendants to the search, and that one of them assented to its making; but the pending application may be decided without determining that question one way or the other. The fact is admitted that raisins were cooking on a stove in that cellar, that a still was in fact in operation, that raisin whisky and mash were found, and that the articles used in making the whisky and in the process of distillation were seized. Lucas admitted then and at his trial that he 'was making a little whisky for Easter.' * * * I see no reason why the power to arrest may not exist, if the act of commission appeals to the sense of smell as well as to that of sight.

"The conclusion reached is that the officers properly arrested the defendants, and properly seized the utensils that were employed in the commission of the crime."

There is no conflict in the evidence before us. It discloses that that the property seized was, at the time and place of seizure, being used and intended to be used, not only in violation of section 25, National Prohibition Act, supra, not only in violation of section 10244, R. C. 1919, of this state, but also in violation of the ordinance for violation of which appellant was convicted. There is a wide distinction between the seizure of property lawfully in the possession of a person and the seizure of property which is being held and used in violation of law, and in and to which property, because of such violation of law, the person in possession can claim no property rights. We are not concerned, at this time, with the question of the liability or nonliability of the officers for entering defendant's house, but only with the question as to whether or not any constitutional right of defendant was violated by the seizure of the property.

The evidence shows that the officers were admitted to the house without use of force or claim of official authority; that they then made known their mission and that they were acting under a search warrant; that it was under such warrant that they made their search and siezure; that, upon gaining admission to the house, they immediately detected the odor of the liquor; that they "followed the smell and found the exhibits in the basement;" and that they found a 16 gallon barrel nearly full of wine, a lot of wine mash, bottles—some containing wine and some mash, and a rubber hose lying on a jug near a keg. They testified that de-

fendant told them that he was making wine right along; that, when it was ready, he bottled it up and filled the barrel with mash again; that he made it on a 50-50 basis with another man in the house; that "he gave parties there and gave it to his friends." After finding this property as above described and after receiving the statements from defendants, the officers took into their possession the exhibits, wine, mash, and bottles, afterwards offered in evidence. It will be seen from the above that the exhibits were property which, because of its use, stood forfeited—property to which defendant could claim no title. No right of defendant was violated by its seizure; and this regardless of whether the search was rightful. The seizure being rightful, no constitutional right of defendant was violated by receiving the exhibits in evidence. United States v. Fenton, supra.

[4] Did the city of Sioux Falls have authority to pass the ordinance in question? The second section to the Eighteenth Amendment to the United States Constitution declares:

"The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

Appellant contends that, by this section, "the right to legislate concerning intoxicating liquors has been delegated to the federal Government." We are of the opinion that the legislatures of the several states and Congress have like powers, and that either can pass any appropriate legislation looking to the enforcement of such amendment, so long at least as the state legislation does not conflict with the national. National Prohibition Cases, 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. ed. 946; United States v. Peterson (D. C.) 268 Fed. 864; United States v. Holt (D. C.) 270 Fed. 639; United States v. Viess (D. C.) 273 Fed. 279.

The judgment and order denying a new trial are affirmed.