STATE (SMITH, DONEGAN and BARRETT), Appellants, v. KIEFFER, Respondent.

(196 N. W. 967.) ·

(File No. 5083.   Opinion filed January 28, 1924.)

**Intoxicating Liquors—Order for Return of Liquor and Articles Used in Its Manufacture, Though Seized Under Illegal Search Warrant, Unauthorized.**

Where, acting on a search warrant, officers searched defendant's premises and found therein a still and other apparatus for unlawful manufacture of intoxicating liquor, as well as liquor, and thereafter caused defendant's arrest for violation of the prohibition law (Rev. Code 1919, Secs. 10235-10328, as amended), even assuming that such property was being held as evidence in prosecution of defendant, it as error to direct its return to him; such property being contraband and not recoverable by claimant from any person in possession.

Dillon, J., dissents.

Appeal from Circuit Court, Aurora County; Hon. FRANK B. SMITH, Judge.

Joe Kieffer was charged with violation of the prohibition law. From an order directing return of liquor and apparatus for

its manufacture, seized on search warrant, Wood, Smith and others, who held the seized property, appeal. Reversed.

*Byron S. Payne,* Attorney General, *D. K. Barrett,* State's Attorney, of Plankinton, and *Miller & Mitchell,* of Mitchell, for Appellants.

*Donald Fellows,* of Plankinton, for Respondent.

Appellants cited: Rev. Code 1919, Secs. 4604 to 4624; State v. Madison, 23 S. D. 584, 122 N. W. 647; Adams v. New York, 192 U. S. 385; Hardesty v. United States, 164 Fed. 420; Hartman v. United States, 178 Fed. 30; Ripper v. United States, 178 Fed. 24; Lum Yam v. United States, 193 Fed. 970; Williams v. State of Georgia, 100 Ga. 511, 28 S. E. 624; Legatt v. Tallerey, 14 East 302; Caddy v. Barlow, 1 Mann. R. 275; Stockfleth v. De Tastet, 4 Camp b, 10; Robson v. Alexander, 1 Moore, p. 448; Com. v. Dana, 2 Metc. (Mass.) 329; Gendart v. People (Ill.), 27 N. E. 1085; Com. v. Smith( Mass.), 44 N. E. 503; State v. Flynn, 36 N. H. 64; Shield v. State (Ala.), 16 So. 85; Sibert v. People (Ill.), 32 N. E. 539; Com. v. Tibbetts (Mass.), 32 N. E. 910; State v. Burroughs, 72 Me. 479; State v. Pomeroy (Mo.), 32 S. W. 993; 1 Taylor on Evidence, Sec. 922; 1 Bishop Criminal Procedure, 246; United States v. Fenton, 268 Fed. 221; United States v. Berkowski, 268 Fed. 408; City of Sioux Falls v. Matt Walser (S. D.), 187 N. W. 821.

POLLEY, J. Assuming to act under the authority of a search warrant in their possession, appellants went upon and searched the premises of respondent. As a result of such search they found a still and other apparatus for the unlawful manufacture of intoxicating liquor, as well as a quantity of such liquor. Appellants seized the articles aforesaid, then caused the arrest of respondent on the charge of violating the prohibitionu law (Rev. Code 1919, §§ 10235-10328, as amended). It is assumed that appellants took, and are holding, such property for the purpose of using it as evidence in the prosecution of respondent upon such charge. Upon the application of respondent the circuit court issued an order in which it is recited that the said search warrant was illegal and void, and directed appellants to return said property to respondent. From such order this appeal is taken.

Respondent moved for a dismissal of the said appeal. This

motion was overruled (45 S. D. 288, 187 N. W. 164), and the case is now before us on the merits.

The facts in this case are, in all material respects, parallel to the facts in the case of City of Sioux Falls v. Walser, 45 S. D. 417, 187 N. W. 821, and it is contended by appellants that the rule adopted in the Walser case should be followed in this, but respondent contends that the conclusion reached in that case is wrong, and that it ought to be overruled. Because of the very earnest argument made by counsel for respondent on this question, we have again gone over the matter and examined the cases cited and reviewed in the Walser case; but, after very careful reconsideration of the question involved, we are of the opinion that the conclusion reached in that case is not only supported by reason, but by the cases cited and reviewed therein. There is an apparent lack of harmony in these cases, but, when the character of the property involved in the different cases is taken into consideration, the lack of harmony will be found to be apparent only. This distinction is clearly pointed out by the following language in the Walser case:

"There is a wide distinction between the seizure of property lawfully in the possession of a person and the seizure of property which is being held and used in violation of law, and in and to which property, because of such violation of law, the person can claim no property rights. We are not concerned, at this time, with the question of the liability or nonliability of the officers for entering defendant's house, but only with the question as to whether or not any constitutional right of defendant was violated by the seizure of the property."

And again:

"It will be seen from the above that the exhibits were property which, because of its use stood forfeited—property to which defendant could claim no title. No right of defendant was violated by its seizure; and this regardless of whether the search was rightful. The seizure being rightful, no constitutional right of defendant was violated by receiving the exhibits in evidence."

Counsel for respondent, in an unusually able brief, complains very bitterly of the doctrine announced in the Walser case. Among other things, counsel says that the philosophy of the case is that "anything is legal if you can get away with it." In this conclu-

sion counsel is mistaken.  Nothing is further from the intention of this court than to recognize the doctrine that anything is legal if you can get away with it.

The philosophy of the Walser case, and cases from other courts involving the same subject, is that implements and apparatus usable and intended only for the unlawful manufacture of intoxicating liquors are not the subject of property rights.  Such property is contraband, so to speak, and no person has a right to its possession as against any other person.  The law does not, recognize it as the subject of legal ownership.  By this we do not intend to intimate that one person, even though an officer of the law, may resort to unlawful means to gain possession of such property from another person, but that one person, because of claimed ownership or property rights therein, cannot recover such property from another.

From this it follows that respondent is not entitled to the return of the property involved in this case, and the court erred in so holding.

The order appealed from is reversed; no costs will be taxed in this court.

DILLON, J., dissents.

Note.—Reported in 196 N. W. 967.  See, Headnote, American Key-Numbered Digest, Intoxicating liquors, Key-No. 256, 33 C. J. Sec. 387.

On constitutional guaranties against unreasonable searches and seizures, as applied to search for or seizures of intoxicating liquors, see notes in 3 A. L. R. 1514, 13 A. L. R. 1316 and 27 A. L. R. 709.