STATE, Respondent, v. NEWHARTH, Appellant.

(209 N. W. 542.)

(File No. 6134.   Opinion filed July 6, 1926.)

**Criminal Law—Intoxicating Liquor—Searches and Seizures.**

Liquor and containers held admissible without violating Const. U. S. Amend. 4, and Const. S. D. art. 6, § 11, in prosecution for possessing liquor, though search under which they were obtained was illegal.

---

Note.—See, Headnote, American Key-Numbered Digest, Criminal law, Key-No. 395, 16 C. J. Sec. 1110. Searches and seizures, Key-No. 7.

As to admissibility against defendant of document or articles taken from him, see notes in 59 L. R. A. 465; 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834, L. R. A. 1916E. 715.

Appeal from Circuit Court, Beadle County; Hon. ALVA E. TAYLOR, Judge.

Adolph Newharth was convicted of keeping and storing intoxicating liquor with intent to evade the intoxicating liquor law, and he appeals. Affirmed.

*F. P. Matz,* of Huron, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

GATES, P. J. Defendant was charged with, and convicted of, keeping and storing intoxicating liquor with intent to evade the provisions of the intoxicating liquor law of this state.

The only alleged error that is reviewable upon the record is whether the court erred in receiving in evidence certain exhibits. These exhibits were obtained by the officers under an alleged illegal search. A description of them is not contained in the printed

record, but in that portion of appellant's brief devoted to the argument they are said to be a pint bottle and a half-pint bottle of intoxicating liquor and a few tin cans with nothing in them, while respondent's brief describes them as:

"A quantity of alcohol, a large number of bottles and corks, four tin gallon containers containing a few drops of alcohol each and other incidental equipment."

It is claimed the reception in evidence of these exhibits violated the Fourth Amendment to the federal Constitution and section 11, art. 6, of our state Constitution.

Even if the search was illegal, the exhibits were not thereby rendered inadmissible in evidence. That question is settled for this jurisdiction by the decisions in City of Sioux Falls v. Walser, 45 S. D. 417, 187 N. W. 821; State v. Kieffer, 47 S. D. 180, 196 N. W. 967. It is also to be noted that a writ of error in the Walser Case was dismissed by the Supreme Court of the United States for want of jurisdiction. Walser v. City of Sioux Falls, 263 U. S. 678, 44 S. Ct. 35, 68 L. ed. 502.

The judgment and order appealed from are affirmed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.

CAMPBELL, J. (concurring specially). I concur in the result reached in the instant case, but prefer to rest my opinion upon the following grounds: The search and seizure was on May 4th, and the trial did not commence until June 9th. Defendant had full knowledge of any claimed illegality from May 4th on, but did not move for the return of the property, nor for the suppression of the same as evidence, nor otherwise proceed in the matter. He then sought to raise, for the first time at the trial, the question of the legality and propriety of the manner of procuring the offered evidence by objecting to the introduction thereof. Under the circumstances of this case, such objection was not timely made, and defendant cannot avail himself thereof.