STATE, Respondent, vs. JOHNSON, Appellant.

*December 9, 1932—January 10, 1933.*

*Vernon J. McHale* of Antigo, for the appellant.

*Earl L. Kennedy,* district attorney of Oneida county, for the respondent.

Rosenberry, C. J.   The law relating to probable cause which warrants an officer to search an automobile is fully considered and stated in the case of *State v. Leadbetter,* de-

cided herewith (*ante*, p. 327, 246 N. W. 443).. The facts in this case contrasted with the facts in the *Leadbetter Case* indicate very strikingly the line which separates the right of search without a warrant from cases where such search is not authorized. Here the defendant in his testimony properly characterized the legal effect of such knowledge as he had. It aroused a suspicion. Facts which warrant nothing but a suspicion are not sufficient to justify an officer in believing that an offense is probably being committed. No one had seen Jossart and his companions hunting nor had any reason to suppose that they were engaged in any violation of the law except that they were coming out of an unsettled section of the country with a Christmas tree in the back of the car which might conceal the presence of contraband game and that a rifle was being carried in the car.

It is considered that the trial court correctly held that the defendant did not have probable cause to believe the occupants of the automobile were in the act of committing an offense which would warrant him in making a search of the car against the protestations of its occupants.

*By the Court.*—Judgment affirmed.