STATE OF SOUTH DAKOTA, Respondent, v. JACKSON, Appellant.

(250 N. W. 55.)

(File No. 7452. Opinion filed August 12, 1933.)

*Thos. Mani,* of Milbank, and *L. T. Van Slyke,* of Aberdeen (*Robert D. Jones,* of Milbank, of counsel), for Appellant.

*M. Q. Sharpe,* Attorney General, and *Frank W. Mitchell,* Assistant Attorney General, for the State.

WARREN, J. Upon an information charging him with the crime of transporting intoxicating liquor, defendant was convicted, and he now appeals from the judgment and from the order denying a new trial.

On February 13, 1932, the sheriff of Grant county (admittedly without any knowledge that the car contained intoxicating liquor) took possession of defendant's Studebaker sedan which was standing unattended upon the streets of the city of Milbank. Finding the car doors locked, the sheriff had the car towed to a garage in Milbank, and about two hours later, having effected an entrance into the car, searched it and found certain intoxicating liquor therein. Thereafter, on February 14th, a warrant was issued, and on February 16th the defendant was arrested on a charge of transporting intoxicating liquor.

On February 18th the defendant secured from one of the judges of the circuit court an order, returnable February 24th, to show cause why the use of said liquor as evidence against him should not be suppressed and why the automobile and other property of the defendant should not be returned to him. On February 25th an order was made suppressing the use of the liquor as evidence and directing the return to the defendant of all the personalty seized except the liquor. A stay of proceedings, so far as the order dealt with the return of the automobile and other personalty to the defendant, was granted by another written order of February 25th "for a period of nine days pending the state's attorney considering the matter of appeal." By written order of the circuit judge on March 5th proceedings under the order of the court of February 25th for the return of the automobile to the defendant were further stayed until the opening day of the April, 1932, term of the circuit court of Grant county "pending the state's attorney considering the matter of appeal." An affidavit of prejudice having been filed, Judge Knight was called in for the trial of this particular case. Defendant was arraigned, pleaded not guilty, and the trial commenced on April 21st. The state called the sheriff as its first witness, and proceeded to examine him with reference to the finding of the intoxicating liquor, and was apparently about to proceed to the identification and introduction of the liquor in evidence in utter disregard of the order of February 25th. Thereupon the defendant's counsel interposed proper objection, brought the matter specifically to the attention of the court, and introduced in evidence the order of February 25th, whereupon the judge ruled that the court was familiar with those proceedings and that they were a part of the files; that the admissibility of the

evidence and the question as to whether or not there existed prob-
able cause for the search of the car when the search was made
was a question of law for the court, and stated in part: "The court
is of the opinion that the order referred to by counsel as having
been made on the 25th day of February is not an appealable order
and that if it were an appealable order that the time for the appeal
of the same has not yet expired and that the question then pre-
sented is now properly presented and will be heard in the absence
of the jury and the admissibility of the exhibits will then be de-
termined by the Court and the objection now interposed will be
considered at that time."

Later on in the trial the court permitted the evidence to be
introduced, and the record discloses that proper and substantial
objections were again made to the admission of this evidence.

There are three questions presented by this appeal: First, did
the sheriff of Grant county have a legal right to seize and later
search the automobile of the appellant? Second, could the alcohol
seized be used as evidence against the appellant? Third, is there
sufficient evidence upon which to base the verdict of guilty?

Considering the first question presented by this appeal, it is
apparent from the testimony in this case that never at any time
was there a search warrant issued for the search and seizure of
said automobile, and that no complaint was made or filed until the
day after the car had been so seized and searched. The sheriff
testified that at the time he seized the car he had no knowledge
and no information that the car had been used in transporting
intoxicating liquor or that it contained intoxicating liquor. He
further testified that only after he had seized the car did he secure
the information that the car was supposedly used to transport in-
toxicating liquor. Even after he had secured the information he
made no effort to secure a search warrant. He filed no complaint
against the defendant, and had no process of law whatsoever
issued to him, but thereupon returned to the garage, and by cer-
tain means unlocked, and thereafter searched, the automobile, and
found therein a number of gallon tins, which, it is contended,
contained intoxicating liquor.

This court is definitely committed to the doctrine that evidence
procured by illegal search and seizure is inadmissible. State v.

Gooder, 57 S. D. 619, 234 N. W. 610, 613; State v. Tanner (1931) 58 S. D. 146, 235 N. W. 502.

By Judge Babcock's written order of February 25th, it was formally adjudicated that the search and seizure in question were illegal. There is no question but that Judge Babcock had jurisdiction to make that order, and the defendant acted properly and promptly in applying for the order. A defendant who has opportunity should so move in advance of the trial if he desires to avail himself at the time of objections based on the illegal search and seizure. See State v. Newharth, 50 S. D. 272, 209 N. W. 542; also Cornelius on Search and Seizure (2d Ed.) § 10.

In regard to search and seizure without warrant, we quote from 33 Corpus Juris, 679: "It has been held that an officer, without a warrant, cannot search an automobile for intoxicants and seize it and the intoxicants found therein unless the search was made with the consent of the person operating the automobile." See State v. Johnson (Wis.) 246 N. W. 446.

It is clear from the record now before us that the sheriff did not know the appellant, nor did he have his consent to search said automobile and did not see him until the day after the search and seizure was made. In the case of State v. One Hudson Cabriolet Automobile, 116 Misc. 399, 190 N. Y. S. 481, 483, the court said: " * * * If he [the officer] merely suspects or believes, or without suspicion or belief seizes and searches for the purpose of obtaining knowledge, his act is unjustified and unwarranted by the statute. * * * "

Moreover, the development of subsequent events after a search has been instituted and a seizure made cannot be held to justify an unlawful search and seizure. In U. S. v. Kaplan (D. C.) 286 F. 963, 973, the court said: "The fact of finding liquor by reason of the search of either suitcases or automobiles cannot be a justification for a search that was made without a lawful warrant, or without probable cause for believing that a crime was being committed in the presence of the officer."

It further held that, where search and seizure were illegal, the liquor found by reason of such search should not be returned, *but should not be used as evidence.*

By his act of seizing and searching appellant's automobile, without appellant's permission or without lawfully issued warrant

permitting said search and seizure, said sheriff directly violated appellant's constitutional rights as guaranteed him by sections 9 and 11 of article 6 of the Constitution of South Dakota, which read:

"No person shall be compelled in any criminal case to give evidence against himself or be twice put in jeopardy for the same offense." Section 9, art. 6, Const. S. D.

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause supported by affidavit, particularly describing the place to be searched and the person or thing to be seized." Section 11, art. 6, Const. S. D.

While it can be argued that in this case before the search was actually made the sheriff acquired information to the effect that the automobile contained intoxicating liquor, it is appellant's contention that it is immaterial what information the sheriff may have acquired after he seized the automobile, for the reason that the search cannot be separated from the act of seizure. The important question is what, if any, probable cause the sheriff had at the time of the seizure. His testimony must be conclusive on that point. He testified in part as follows:

"Q. Mr. Carlson, I believe you testified before a lower court that the reason why you picked up this car was because you had thought it was a stolen car? A. Yes, sir, that is a fact."

"Q. And that is the reason you picked it up at that time? A. Yes, sir, that was one reason."

"Q. Well, before you picked up this car and had it towed to Patridge Brothers' Garage *did you have any facts or information that led you to believe that the car was being used for the unlawful transportation of liquor? A. No, sir, I didn't.*"

An improper and illegal seizure cannot be justified or sustained by information acquired after the seizure. The unlawful act was the seizing of the automobile. The searching of the automobile was only an incident to the seizing; that is to say, there cannot be an unlawful seizure and a lawful search under the facts such as disclosed in this case. Either the car was seized and searched lawfully or it was done unlawfully.

In the case of State v. Gooder, supra, this court adopted what may be termed the federal rule: "It seems to us that it will do little good for the President of United States to appoint commissions to inquire into the causes of disrespect for law and the best means of securing enforcement of law, if government itself through its enforcement officers flouts both the Constitution and the laws whenever they stand in the way of achieving the ends desired by such officers. We are not unmindful of the fact that the adoption of the federal rule may in some instances enable violators of law to escape merited punishment. But that need never occur unless where officers of the law are too indolent to comply with the very easy and simple requirements of the law in procuring search warrants. And as was said by Justice Holmes: 'We are free to choose between two principles of policy,' and we think that the application of the federal rule is choosing the lesser of the two evils. We agree with Justice Holmes that it is 'a less evil that some criminals should escape than that the government should play an ignoble part,' and by its own conduct encourage the violation of its own laws. The motion to suppress the evidence obtained by the illegal search warrant should have been sustained."

The second question presented by this appeal is whether or not the liquor seized could be used as evidence against the appellant. Appellant contends that, since the sheriff acquired the alleged alcohol in violation of the law, the same could not therefore be used as evidence against the appellant, and that the use of said alcohol as evidence should have been suppressed. Since the seizure and search of appellant's automobile was accomplished without first securing a warrant and without appellant's permission, it appears that any and all liquors taken as a result of such illegal search should be judged inadmissible as evidence and the use thereof as evidence be suppressed. In the case of Hoyer v. State, 180 Wis. 407, 193 N. W. 89, 91, 27 A. L. R. 673, the court held: "The federal and many other courts, however, have held that on proper challenge the state will not be permitted to use, against a defendant charged with crime, evidence which appears to have been seized or obtained by government officials by or through a violation of constitutionally guaranteed rights."

We believe that the court erred in allowing such liquor to be used as evidence over appellant's objection, and that the court in

so allowing further violated appellant's constitutional rights as guaranteed by Amendment 5 of the Constitution of the United States, which provides that: "No person * * * shall be compelled, in any criminal case, to be a witness against himself."

Quoting from Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520: "Nor is it material that the search was successful in revealing evidence of a violation of a federal statute. A search prosecuted in violation of the Constitution is not made lawful by what it brings to light; *and the doctrine has never been * * * tolerated under our constitutional system, that evidences of crime discovered by a federal officer in making a search without lawful warrant may be used against the victim of the unlawful search where a timely challenge has been interposed."* (The italics are ours.)

The case of Kroska v. United States (C. C. A.) 51 F. (2d) 330, 332, is very applicable to this case before the court. In the latter case the court held: "If the search and seizure were violative of the Fourth Amendment to the Constitution, then the evidence secured thereby should have been suppressed, even though it was obtained from an automobile. An unjustified search and seizure violates the Fourth Amendment, whatever the character of the property seized, whether it was in the home, in an office, or in an automobile, and whether taken by force, by stealth, or by fraud. The Fourth Amendment protects the citizen, whether innocent or guilty, against every unjustifiable intrusion by the government upon his privacy, and it has been said that these amendments confer, as against the government, 'the right to be let alone.'" See Wright v. State (Okl. Cr. App.) 5 P. (2d) 766; Bock v. City of Cincinnati, 43 Ohio App. 257, 183 N. E. 119; Carr et al. v. U. S. (C. C. A.) 59 F. (2d) 991; People v. Scaramuzzo, 352 Ill. 248, 185 N. E. 578; McMahan's Adm'x v. Draffen et al, 242 Ky. 785, 47 S. W. (2d) 716.

The sheriff of Grant county had every opportunity to proceed lawfully and without violating any of the rights of the defendant, had he taken the time to secure a search warrant. His failure to do so should have made it compulsory for the court to suppress the evidence said sheriff found as a result of his illegal search.

The third and final question presented by this appeal is the question of sufficiency of the evidence upon which to base a verdict

of guilty. The entire case hinges on the point of the evidence. First, did the sheriff have the right to seize and search the car without a warrant? From the cases quoted previously it is apparent that there is a great weight of authority that he did not have that right, and, as a result of this illegal search and seizure, the evidence which he found was inadmissible, and should not have been used against appellant. Secondly, having secured this evidence illegally, the use of it as evidence was a violation of appellant's constitutional rights, and the court erred in not suppressing said evidence when appellant's application for the order to suppress the use of said liquor as evidence was resisted. Thirdly, we hold that the evidence, having been illegally secured and therefore inadmissible, is not sufficient upon which to base a verdict of guilty; that the appellant did not have a fair trial; that his constitutional rights were invaded; and that the court erred in overruling and not granting the motion of appellant for a new trial.

The order and judgment appealed from are reversed.

POLLEY, J., concurs.

CAMPBELL, J., concurs in result.

RUDOLPH, P. J. (dissenting). There cannot be much question under this record that the sheriff had good cause to believe the defendant's car contained intoxicating liquor at the time he made the search. The taking of this car by the sheriff in the first instance had nothing to do with searching it for liquor. Under this record, I do not believe it can be said that the car was seized for the purpose of making a search until immediately before the search was commenced. Section 10303, R. C. 1919, as amended by chapter 204 of the Laws of 1925, provides as follows: "When any sheriff, deputy sheriff, constable or police officer, or the state sheriff, or any of his special agents or deputies or other officer shall have reason to suspect that intoxicating liquors are being carried or transported in violation of this act, he shall have the right, and it shall be his duty to search such wagon, buggy, automobile, automobile truck, boat, air or water craft, or other vehicle or conveyance and to seize any and all intoxicating liquors found therein."

In the case of State v. Merrell, 52 S. D. 129, 216 N. W. 874, 875, construing the above law, this court said: "A provision that a peace officer may search a vehicle which he has reason to suspect

is transporting liquor contrary to law does not provide for an unreasonable search."

It is my opinion that the case of State v. Merrell, supra, should control our decision in this case.

The case of State v. Gooder, 57 S. D. 619, 234 N. W. 610, involved the search of the private room of the defendant. This case involves the search of an automobile, and a much more liberal rule is adopted even by the federal courts when the search of an automobile is involved than when the search is of a home or building. See Carroll et al v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Fisher et al v. U. S. (C. C. A.) 8 F. (2d) 978; Altshuler v. U. S. (C. C. A.) 3 F. (2d) 791; Ryan v. U. S. (C. C. A.) 5 F. (2d) 667; Lambert v. U. S. (C. C. A.) 282 F. 413.

I think the judgment and order appealed from should be affirmed.

ROBERTS, J. I concur in the dissent of Presiding Judge RUDOLPH.