STATE, Respondent, v. Mc CLENDON, Appellant

(266 N. W. 672.)

(File No. 7828. Opinion filed April 16, 1936.)

*C. R. Keister*, of Mitchell, for Appellant.

*Walter Conway*, Atty. Gen., and *W. E. Weygint*, Asst. Atty. Gen., for the State.

WARREN, J. The state's attorney of Davison county filed an information against one George McClendon, charging him with the crime of having burglary tools in his possesion, under section 4174 of the Revised Code of 1919. He was tried in circuit court, found guilty and sentenced to a term of five years in the State Penitentiary. A motion for a new trial was denied, and the defendant has appealed from the judgment and order denying the motion for a new trial.

In due time, and before the opening of the trial, the appellant moved for the suppression of certain evidence held by the state, upon the grounds that the said evidence was obtained through an illegal search of appellant's dwelling place. The facts upon which appellant based his motion for suppression, and which are amply disclosed and upheld by the record, are substantially as follows: Appellant's dwelling place was a room in a certain rooming house at No. 104 Rowley street, Mitchell, S. D. Appellant had for several days rented said room, paying each day in advance, and on March 14, 1934, had paid the rental for said room for the following night and the next day. On the evening of March 14, 1934, T. E. Callan, sheriff of Davison county, S. D., and A. L. Kirkpatrick, chief of police of Mitchell, S. D., came to said rooming house and asked to be admitted to the room of the appellant. E. L. Ellis, the proprietor of the rooming house, knowing the men to be officers, and thinking they had the right to enter appellant's room, unlocked the door and allowed them to enter said room. The officers searched the room and examined the property and effects of the appellant. After waiting approximately two hours, the officers departed. Later in the evening, one Leo Kirby, a police officer of the city of Mitchell, and who was known as such by Ellis, called at the rooming house and asked to be admitted to the appellant's room. Ellis allowed him to enter said room, and after searching it, Kirby returned to the dining room of the rooming house. There he sat down and awaited the return of appellant. At about 1 a. m. on the morning of March 15, 1934, appellant returned. Immediately after entering, appellant was arrested by Kirby. This arrest took place some twenty-five to thirty feet from the door of appellant's room, which was locked. Kirby and appellant left immediately after the arrest. About thirty minutes later, Kirby returned and asked to be again admitted to the appellant's room. Ellis, still believing that Kirby had the right to enter the room, unlocked the door and allowed Kirby to enter said room. Kirby again searched the room, and took with him all of the personal belongings of the appellant. At no time, either before or after these searches, was a search warrant issued authorizing the search of appellant's room.

Appellant was tried and convicted of having burglary tools

in his possession. The personal belongings that the state alleged were burglary tools, and which they introduced as such at the trial of appellant, were a part of the personal belongings which Kirby removed from appellant's room on the morning of March 15, 1934, and the use of which as evidence the appellant had moved to suppress.

The state admitted that no search warrant was issued. The contention of the state is that such search was an incident of the arrest of appellant, and therefore, any evidence obtained through this search was admissible at the trial of appellant.

By the act of searching appellant's room, and seizing his personal effects and property, without his permission and without a lawfully issued search warrant permitting said search and seizure, said officers directly violated appellant's constitutional rights guaranteed him by sections 9 and 11 of article 6 of the Constitution of South Dakota, which read:

"No person shall be compelled in any criminal case to give evidence against himself or be twice put in jeopardy for the same offense." Section 9, art. 6, Const. S. D.

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause supported by affidavit, particularly describing the place to be searched and the person or thing to be seized." Section 11 art. 6, Const. S. D.

In considering the decision of the trial court in refusing to suppress the use of this evidence, it is necessary to determine the admissibility of evidence obtained through the illegal search and seizure. This court has definitely adopted the federal rule, that evidence obtained through an illegal search and seizure cannot be used as evidence on trial. In State v. Gooder, 57 S. D. 619, 234 N. W. 610, we dealt with the suppression of evidence where such evidence was obtained in violation of defendant's constitutional rights, and said:

"Before the trial defendant made timely motion to quash the information, and also moved that the property seized under the search warrant be impounded and that any evidence derived from the search be suppressed upon the ground that all such evidence

was obtained in violation of his constitutional rights, and particularly in contravention of article 6, section 11 of the state Constitution, forbidding unreasonable searches and seizures and the issuing of search warrants except upon probable cause supported by affidavit particularly describing the place to be searched and the person or thing to be seized. * * *

"We think we take the right course in following the ten who, becoming satisfied of the moral obliquity and vicious tendencies inherent in holding evidence procured by state officers by means of unlawful searches and seizures admissible in prosecutions in the state courts, have abandoned that rule and adopted the opposite one, holding that evidence so obtained should be suppressed, and excluded where timely objection is made."

See State v. Tanner, 58 S. D. 146, 235 N. W. 502; State v. Jackson, 61 S. D. 499, 250 N. W. 55. The question to be determined then, is whether or not this evidence was obtained through an illegal search and seizure. The state contends, that in this case the search was an incident of the arrest of the appellant, and as such is a legal search, and any evidence obtained through said search is therefore admissible and can be used at the trial of the defendant. We are forced to disagree with this contention, and to hold that the searching of appellant's room was not an incident to his arrest, and that the said search was illegal, and that therefore, any evidence obtained through such search should have been suppressed by the trial court upon the motion of appellant.

The record discloses that two searches were made before the arrest and one after the arrest, but no search was made of the room, in appellant's immediate presence, at the time of the arrest. The search by the sheriff of Davison county and the chief of police of Mitchell was some two or three hours before the arrest of appellant. Kirby, who made the arrest searched the room both before and after the arrest. The search which resulted in finding and seizing the evidence was made by Kirby approximately thirty minutes after the arrest of appellant, and while appellant was lodged in jail. Upon a former occasion we had occasion to deal with a fact situation quite similar to the facts of the case herein. In Gamble v. Keyes, 35 S. D. 644, 153 N. W. 888, 889, this court said:

"It may be conceded that an officer, who is authorized to make an arrest for a violation of the intoxicating liquor laws, may lawfully seize intoxicating liquors found in the actual possession and control of the accused, and hold the same as evidence, and that such liquors may be used as evidence, even though the seizure be made in an unlawful manner. State v. Madison, supra [23 S. D. 584, 122 N. W. 647]. But it does not by any means follow that an officer, after making an arrest without actually seizing such liquors, may thereafter return to and forcibly enter such place without a search warrant, even though he has actual knowledge that such liquors are in the place.. If he may thus return and forcibly enter within an hour after an arrest, a like forcible entry within a week or a month would be equally justifiable. Respondent presents no plea justifying the acts complained of, except a purpose to seize the liquors as evidence. It is precisely this purpose which is covered by the statute (chapter 173, Laws 1907) which requires a search warrant. That an officer who makes an arrest may have failed, through inadvertance, to seize liquors found in possession of the accused at the time of the arrest, as he might lawfully have done, cannot enlarge his authority. Nor can the fact that he lawfully seized certain liquors upon the arrest authorize him to return and seize others, even though the warrant of arrest is still in his hands. As well might he assert the right to make an arrest and place the accused in jail, and then return at any time thereafter, and forcibly enter and seize such liquors. The fact that the place, though a private dwelling house, had become a public resort subject to search and seizure, in no manner changed the rule requiring a search warrant. It is only such places as this which may be forcibly entered and searched, even under a search warrant. An act which could lawfully be done only under authority of a proper search warrant is plainly wrongful and unjustifiable, if done without such warrant."

In view of our holding in Gamble v. Keyes, supra, that an arresting officer has no right to return to the scene of an arrest and search the premises as an incident of the arrest, we can but hold that the search of appellant's room and the seizure of his property by Kirby, approximately thirty minutes after the arrest had taken place, was an illegal search and seizure. The trial court

should have suppressed the evidence so obtained upon the motion of the appellant.

Having concluded that the evidence procured from the appellant's room and introduced in evidence should have been suppressed other errors complained of become immaterial to the decision of this case.

The order and judgment appealed from are reversed and the cause remanded for a new trial.

POLLEY, P. J., and CAMPBELL, J., concur.
ROBERTS and RUDOLPH, JJ., dissent.