62 So.2d 348 (1952)
BROWN et al.
v.
STATE.
Supreme Court of Florida, Division A.
December 22, 1952.
Rehearing Denied January 20, 1953.
Thacker & Thacker, Kissimmee, for petitioners.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for respondents.
TERRELL, Justice.
Appellants were tried and convicted in the County Judge's Court for having in their possession a quantity of moonshine whiskey, on which the Federal excise tax had not been paid. Brown and Stephens were sentenced to confinement in the county jail for six months and to pay a fine of $250 each. Talley and Owens were sentenced to pay a fine of $250 each and in default thereof to be confined in the county jail three months. Both judgments were, on appeal to the Circuit Court, affirmed. On Certiorari we are importuned to review and quash both judgments.
The ultimate point for determination is whether or not the moonshine whiskey found in possession of defendants should have been admitted in evidence over their motion to suppress, for without such evidence there is absolutely no basis for the conviction of any of the defendants.
It appears that defendants were arrested and taken in custody for traffic violation; they were charged with having moonshine whiskey in their custody. They were tried and convicted for having in their possession *349 moonshine whiskey on which the Federal excise tax had not been paid as required by Section 562.18, Florida Statutes, F.S.A. Violation of said statute is a misdemeanor.
The record discloses that in the early morning of January 3, 1951, near Citra, two deputy sheriffs of Marion County fell in behind a Ford pick-up truck, driven by George W. Stephens, which was preceded by a Buick Sedan driven by John Brown. The officers had no suggestion or suspicion that Stephens and Brown were engaged in the contraband whiskey business. They followed them for a short distance when they, Stephens and Brown, accelerated their speed and appeared to wabble from one side of the center line of the road to the other. On observing this, the officers stopped the two vehicles for traffic violation, but on investigation found that both vehicles contained a quantity of moonshine whiskey. Thereupon defendants were arrested and charged with possession of moonshine whiskey. Catherine Owens was riding in the Buick Sedan and Norman Talley was riding in the pick-up truck. So far as the evidence shows, they were nothing more than passengers taking a ride and had no part in the ownership, possession or control of the moonshine whiskey. The officers had no search warrant or other authorization to take defendants in custody.
Under such a state of facts, we think the motion to suppress the moonshine whiskey as evidence should have been granted. The officers were not armed with a search warrant, they arrested defendants for traffic violation, charged them with having contraband liquor in their possession and tried them for having in their possession moonshine whiskey on which the Federal Excise tax had not been paid. The fourth amendment to the Federal Constitution and Section 22, Declaration of Rights, F.S.A. Constitution of Florida, prohibit unreasonable searches and seizures. Peremptorily halting one on the highway and taking charge of his "effects" without warrant of authority to do so, is clearly violative of these provisions of fundamental law.
The prohibition against unreasonable searches and seizures is rooted deep in our legal and political heritage. In original concept it comprehended one's house or dwelling, but the constitutional inhibition extended it to "persons, houses, papers, and effects." It was designed to make them impregnable even to the king's officers without a warrant. It has been said that one's home may be so humble that the rain leaks through the roof and the dog may slip through the cracks, but even so, it is his castle and the king's courier dare not enter the door except he be armed with a search warrant authorizing him to do so. There is nothing so shocking or so humiliating to one as having an officer abruptly take charge of his effects and proceed to explore them without any semblance of authority under law or permission from the owner to do so. It requires order and legal fiat to relieve a search and seizure of unreasonableness.
The state contends that although there was no warrant for the arrest or the search, the traffic violation in the presence of the officers, including the resulting contraband, authorized them to take defendants in custody. The Federal Courts have repeatedly held that an illegal search cannot be made legal by the fruits it produces. If the arrest is illegal, everything that proceeds from it is illegal. Then we doubt seriously if there was a traffic violation. Defendants were driving in the early morning when apparently no one else but the arresting officers was on the highway. Most any one driving under such circumstances is not too careful to stay consistently to the right of the center line of the road. There is no showing whatever that defendants were drinking, neither is there shown any necessity growing out of the situation that necessitated or made the arrest lawful. We think the motion to suppress the evidence should have been granted. Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210; United States v. Kind, 2 Cir., 87 F.2d 315.
*350 The petition for certiorari is granted, the judgment is quashed and the petitioners are ordered discharged.
It is so ordered.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.