STATE, Appellant v. LANE, Respondent

(82 N.W.2d 286)

(File No. 9597. Opinion filed April 9, 1957)

**Russell C. Molstad,** State's Atty., Sturgis, **Phil Saunders,** Atty. Gen., **Benj. D. Mintener,** Asst. Atty. Gen., for Plaintiff and Appellant.

**Frank E. Henderson** and **James H. Wilson,** Rapid City, for Defendant and Respondent.

HANSON, J. This is a special proceeding to determine whether evidence taken under a search warrant should be suppressed and returned to the owner. The evidence, a quantity of intoxicating liquor, was seized by the Sheriff of Meade County and other peace officers from premises known as the Victorian Club. In support of his motion to quash the search warrant and suppress the evidence the defendant owner urged numerous objections to the form of the warrant and the sufficiency of the affidavit upon which it was based. The magistrate who issed the search warrant denied defendant's motion. On appeal to Circuit Court the motion was granted and the evidence was ordered suppressed and returned. The State appeals from such order.

The issues presented involve the effect and constitutionality of SDC 34.1102. By virtue of this statute the State contends: (1) the finding of the articles searched for

and seized constitutes conclusive proof probable cause existed for the issuance of the search warrant, and (2) all relevant evidence seized under the search warrant is admissible in evidence notwithstanding any defect, insufficiency, or irregularity in the issuance of the warrant, or the affidavit supporting the same. The defendant challenges the constitutionality of such law.

In order to properly correlate the questioned statute with the decisions of this court a brief historical summary is necessary. In this regard, the early cases followed the common law rule that relevant evidence was not rendered inadmissible as evidence by reason of the fact it may have been illegally procured. State v. Madison, 23 S.D. 584, 122 N.W. 647; City of Sioux Falls v. Walser, 45 S.D. 417, 187 N.W. 821; State v. Kieffer, 47 S.D. 180, 196 N.W. 967; and State v. Newharth, 50 S. D. 272, 209 N.W. 542. The rule of admissibility was followed until the case of State v. Gooder, 1930, 57 S.D. 619, 234 N.W. 610, wherein the federal rule of exclusion was adopted, i.e., evidence obtained by an unlawful search and seizure was not admissible as evidence. The rule of exclusion was thereafter followed in State v. Jackson, 1933, 61 S.D. 499, 250 N.W. 55. At and prior to the time of the Gooder and Jackson cases Section 4606 of the South Dakota Code provided: "A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched."

Following the Gooder and Jackson cases the above statute was amended by Ch. 96, Session Laws 1935 (now SDC 34.1102). The amendment added the following provisions to Section 4606: Section 1. "* * * The finding of the articles or personal property searched for and seized by any peace officer under and by authority of any search warrant shall constitute conclusive proof that there was probable cause for the issuance of such warrant." Section 2. "All evidence obtained which would have been admissible in evidence if the articles or personal property searched for and seized had been lawfully searched for and seized upon a valid and legal search warrant, legally issued, shall, nevertheless, be admissible in evidence, notwithstanding any

defect, insufficiency, or irregularity in the issuance of such search warrant, or the affidavit supporting the same, the same as if such evidence has been obtained upon a good and valid search warrant, legally and properly issued." The effect and constitutionality of such amendment directly affects the determination of the issues presented.

■ The constitution protects the people against unreasonable searches and seizures. Art. VI, § 11 of our Constitution, like the Fourth Amendment to the United State Constitution, provides: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause supported by affidavit, particularly describing the place to be searched and the person or thing to be seized." In construing statutes authorizing searches and seizures "the principle is fundamental that constitutional provisions should receive a liberal interpretation in favor of the citizen, especially in regard to those matters designed to safeguard his liberty and security as to both person and property." 47 Am.Jur., Searches and Seizures, § 9, p. 507. The rule is also stated in 79 C.J.S. Searches and Seizures § 7, p. 785, as follows: "Since the right of search and seizure is in derogation of the constitutional guaranties, it is the general rule that statutes authorizing or regulating searches and seizures or search warrants must be strictly construed against the state and liberally construed in favor of the individual, and should be construed to preserve, and not to encroach on, the right to be immune from unreasonable searches and seizures." As the two sections of the statute involve separate and distinct subjects they should be separately considered. Section 1 relates to the showing of probable cause for the issuance of a search warrant whereas Section 2 concerns the admissibility of evidence.

■■ In our opinion the amending portion of Section 1 of Chapter 96, Session Laws of 1935, patently violates Art. VI, § 11 of our Constitution. Such amendment, which is now part of paragraph 1 of SDC 34.1102, provides: "The finding of the articles or personal property searched for and seized by any peace officer under and by authority of any search

warrant shall constitute conclusive proof that there was probable cause for the issuance of such search warrant." Our constitution clearly requires a showing of probable cause, by affidavit, as a condition precedent to the issuance of a lawful search warrant. The phrase "probable cause" has been defined as "the existence of such facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within the knowledge of the magistrate, that the charge made by applicant for the warrant is true." 79 C.J.S., Searches and Seizures § 74, p. 864. The above law attempts to require something less than the constitution guaranties. The determination of probable cause is a judicial function which must be made from the affidavit prior to the issuance of any lawful search warrant. The legislature cannot make an illegal search legal by the fruits of the search. Brown v. State, Fla., 62 So.2d 348.

■ Section 2 of the 1935 amendment is another matter. It is merely a partial statutory expression of the common law evidentiary rule that the admissibility of otherwise relevant evidence is not affected by the means it was obtained. As such, it modifies the judicial rule of exclusion approved by this Court in the Gooder case. As a rule of evidence it violates none of defendant's constitutional rights or guaranties. That portion of the law does not affirmatively attempt to sanction an otherwise illegal search or seizure. Neither does it afford protection, in any manner, to law enforcement officers who may participate in an illegal search and seizure. It appears to be well settled now our legislature had the power and authority to enact such a rule of evidence. In Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 1364, 93 L.Ed. 1782, it was held "that in a prosecution in a State Court for a State Crime the Fourteenth Amendment does not forbid the admission of evidence obtained by an unreasonable search and seizure." It may also be inferred from such decision the federal rule of exclusion is a matter of "judicial implication" and not a matter of constitutional complusion. VIII Wigmore, Evidence, 1955 Supplement to § 2183a. As stated by Justice Black in his concurring opinion "The federal exclusionary

rule is not a command of the Fourth Amendment but is a judicially created rule of evidence which Congress might negate." In adopting the federal rule of exclusion recently the California Court recognized "whatever rule we adopt, whether it excludes or admits the evidence, will be a judicially declared rule of evidence." People v. Cahan, 44 Cal.2d 434, 282 P.2d 905, 910. In commenting on the case of Wolf v. People of State of Colorado, supra, in an editorial note appearing in 35 Minn.L.Rev. 458 it is stated: "The effect of this decision is to make each state the final arbiter as to which evidentiary rule it will follow." Such conclusion seems warranted. In the recent case of Salsburg v. State of Maryland, 346 U.S. 545, 74 S.Ct. 280, 283, 98 L.Ed. 281, the United States Supreme Court had under consideration the constitutionality of a Maryland statute, known as the Bouse Act, Code 1951, art. 35, § 5, which generally adopted the federal exclusionary rule of evidence in misdemeanor prosecutions. The common law rule of admissibility remained effective in felony prosecutions by judicial application. The court sustained the validity of the Maryland statute stating: "The 1951 amendment establishes no additional or different offenses in Anne Arundel County. It deals only with the admissibility of evidence in the prosecution of certain misdemeanors otherwise established by law. Rules of evidence, being procedural in their nature, are peculiarly discretionary with the law-making authority, one of whose primary responsibilities is to prescribe procedures for enforcing its laws. Several states have followed diametrically opposite policies as to the admission of illegally seized evidence. See Appendix, Wolf v. People of State of Colorado, 338 U.S. 25, 33-39, 69 S.Ct. 1359, 1364-1367, 93 L.Ed. 1782, [1788-1791]. See also, Adams v. People of State of New York, 192 U.S. 585, 594-596, 24 S.Ct. 372, 373, 374, 48 L.ED. 575. Maryland seeks to derive some benefit from each of the policies." The court went on further to state: "We find no merit in the suggestion of appellant that the 1951 amendment to the Bouse Act affirmatively sanctions illegal searches and seizures in violation of the Due Process Clause of the Fourteenth Amendment. If the statute were so interpreted such a question might arise. However, the

Court of Appeals of Maryland [201 Md. 212, 94 A. 2d 280] has not so interpreted it and nothing in its text suggests approval of illegal searches and seizures. The Act offers to offending searchers and seizers no protection or immunity from anything—be it civil liability, criminal liability or disciplinary action." On this subject see also VIII Wigmore, Evidence, 3rd Ed. § 2184, Annotation 50 A.L.R.2d 531, and 50 Col. L.Rev. 364.

We also see no distinction in principle between the Maryland Act upheld as a valid expression of the legislative will by the United States Supreme Court in Salsburg v. State of Maryland, supra, and Section 2 of the South Dakota Session Laws of 1935, involved herein. Both are legislative rules of evidence. Neither offends any constitutional rights or guaranties.

■■ It further appears the two sections of the statute are divisible and may be separately treated. The applicable rule is expressed in 82 C.J.S., Statutes § 93, p. 155: "If, when the invalid part is stricken, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, or purpose, wholly independent of that which was rejected, it must be sustained to that extent; and this rule is especially applicable where the statute provides for two distinct subjects." Here the invalid portion of the statute may be stricken leaving the remainder of the act complete in itself and capable of being executed in accordance with the apparent legislative intent and purpose. Furthermore, the valid and invalid parts of the statute are so separate and distinct that it is clear the legislature would have enacted the valid portion without the other, if it had known of the invalidity. Therefore, as stated in the case of In re Snyder's Estate, 74 S.D. 14, 48 N.W.2d 238, under the familiar principles of the doctrine of separability we are bound to save and uphold the remainder of the act. Also see State ex rel. Strauser v. Jameson, 76 S.D. 490, 81 N.W.2d 304.

■ It may be concluded that in the trial of a criminal prosecution our present rule with reference to the admission of evidence illegally procured is a combination of both the common law rule of admissibility and the federal rule of

exclusion. Summarizing, such relevant evidence:—(1) Is admissible, by statute, when procured under color of a search warrant despite any defect, insufficiency or irregularity in the issuance of the warrant, or the affidavit supporting the same. SDC 34.1102. Whereas, such evidence —(2) Is not admissible, under the judicially recognized exclusionary rule, where such evidence is procured without any authority or color of a search warrant. As in the case of State v. McClendon, 64 S.D. 320, 266 N.W. 672.

 In view of the above, defendant's objections to the form of the search warrant and the sufficiency of the affidavit, in this case, become immaterial. The motion to suppress and return the evidence seized under the search warrant should have been denied.

Reversed.

All the Judges concur.