STATE, Respondent, v. FORGRAVES et al., Appellants.

(141 N. W. 990.)

1.   **Indictment and Information—Motion to Quash—Sufficiency.**
Where the accused has not been held to answer before finding of indictment, a motion to set aside an indictment on ground that the grand jury was not regularly drawn, in that no notice of the drawing was given, presents the supposed irregularity of drawing the grand jury without giving the statutory notice.

2.   **Grand Jury—Selection of Jurors—Notice of Drawing.**
Under Pol. Code, Secs. 710, 716, and 717, and Code Cr. Proc., Sec. 162, providing for summoning a grand jury on order of presiding judge, and requiring certain county officers to meet after receipt by clerk of the order and after .service of notice in writing by clerk upon the other of such officers, the notice of drawing of jurors need not specifically recite that grand as well as petit jurors are to be drawn.

3.   **Grand Jury—Quashing Indictment—Irregularity in Drawing Jury.**
Irregularity in drawing a grand jury before filing of presiding judge's order for summoning such jury does not constitute ground of challenge to the panel, within Code Cr. Proc., Sec. 166, subd. 2.

4.   **Criminal Law—Witnesses' Names on Indictment—Judicial Discretion—Insufficient Objection.**
Accused, if surprised by indorsement on back of indictment of names of witnesses, must move for continuance to enable him to prepare to meet their evidence; mere objection that he was not notified before trial that he must meet the witnesses not being sufficient to involve prejudicial error.

5.   **Criminal Law—Surprise—Continuance—Review.**
Where accused, although objecting that he was not prepared for trial, did not show that he was surprised by the indorsement on back of indictment of names of new witnesses, and did not move for continuance, the question of abuse of discretion in permitting such indorsement, is not reviewable.

**6.   Criminal Law—Trial—Stenographer's Reading Parts of Testimony.**

   Where a controversy between respective counsel as to testimony of witnesses arose in the argument, it was within judicial discretion of trial court to permit the official stenographer to read portions thereof.

(Opinion filed June 3, 1913.   Rehearing denied June 24, 1913.)

Appeal from Circuit Court, Gregory County.   Hon. WM. WILLIAMSON, Judge.

Loyd Forgraves and another were convicted of keeping and maintaining a house of ill fame, and they appeal.   Affirmed.

*J. R. Cash, P. J. Donohue,* and *W. J. Hooper,* for Appellants.

The indictment should have been set aside for the reason that it was not found by a legal grand jury; that no jury was drawn after the filing of the said order; that there was no jury for said term of court, and that every act of the body assembled was void. Sections 710, 716, 717, Pol. Code, section 162, Code Cr. Pro., section 10, article 6, Con.; Jones v. Woodworth, 24 S. D. 583; People v. Labadie, 33 N. W. 806; Ellis v. State, 116 N. W. 52.

It was prejudicial error to permit the names of these witnesses to be endorsed on the indictment without giving defendant previous notice.

It appears that the names of these witnesses were known to the prosecution, at least a part of them, for at least two weeks before the case was called for trial, and there was a manifest abuse of discretion in the trial court in authorizing the names of these witnesses to be endorsed on the indictment and in permitting them to testify over the objection of the defendant, or at least not granting him a continuance so that he might be able to prepare to meet their testimony.   State v. Reddington, 7 S. D. 368; State v. Stevens, 2 S. D. 480.

*Royal C. Johnson,* Attorney *General, M. Harry O'Brien,* Assistant Attorney General, *William McDonald,* State's Attorney, for Respondent.

The statute merely provides that no grand jury shall be drawn unless the judge shall so direct by writing, signed by him and filed with the clerk.   Section 162, Code of Criminal Procedure, as amended by chapter 92, Laws 1905.

While respondent feels that the record in appellant's abstract conclusively shows that notice to draw the jury was served, yet

where no notice was given and the proper officers were present at the drawing of the jury, the irregularity would not be sufficient to reverse the judgment. People v. Gallagher, 55 Cal. 462; State v. Noyes, 87 Wis. 340, 27 L. R. A. 776, and notes; State v. Cambron, 20 S. D. 282, 105 N. W. 241.

Appellant predicates reversible error upon the order of the trial court overruling plaintiff's objection to the endorsement of the names of certain witnesses on the indictment. This objection is not tenable. The appellant makes no showing whatever that he was prejudiced by the ruling. The facts in the matter were before the trial court at the time the objection to the indorsement was made, and again when motion for a new trial was made, and the indorsement of witnesses on the indictment is a matter within the discretion of the trial court, even where the defendant moves for a continuance of the case on the ground of surprise. The record in this case does not show that a motion for continuance was made. There are no affidavits whatever to the fact that appellant was prejudiced. State v. Fulwider, 28 S. D. 622; State v. Matejousky, 22 S. D. 30, 115 N. W. 96.

SMITH, J. Appellant was convicted in the circuit court of Gregory county, upon an indictment charging him with the crime of keeping and maintaining a house of ill fame. The appeal is from the judgment and order overruling motion for a new trial. Upon his arraignment, the accused moved the court to set aside the indictment returned by a grand jury, on the grounds: First, that the indictment was not found indorsed, presented, and filed, as provided by law; second, that the grand jury was not regularly drawn, in that no notice of the drawing was given as provided by law.

Upon the hearing of this motion, the following facts were conclusively made to appear to the trial court: On the afternoon of April 8, 1911, the board of county commissioners of Gregory county being then in session, a resolution was adopted, on request of the state's attorney, that a grand jury was necessary to investigate certain public offenses within the county; that the judge of the circuit court be requested to order the calling of a grand jury for said term of court; and that the county auditor be instructed to forward a copy of said resolution to said judge at Oacoma, S. D. Immediately upon the adoption of this resolution, a telegram was

sent to the judge who was then at Oacoma, informing him of the adoption of the resolution referred to. Upon the receipt of the telegram, the judge prepared and signed an order in writing, on April 8th, and mailed it at Oacoma, addressed to the clerk of the circuit court of Gregory county, at Fairfax. The order was received by the clerk about noon on April 10th, and was indorsed by him as filed in his office on the 8th day of April.. On the evening of April 8th, some time after 7 o'clock, after a notice in writing hereafter referred to, from the clerk of the court, the clerk, sheriff, auditor, and treasurer assembled at the clerk's office and drew a grand jury and a petit jury in the manner provided by law. The accused had not been held to answer before the grand jury.

Section 263 of the Code of Criminal Procedure provides: "The indictment or information must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases: * * * (4) When the defendant has not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge, either to the panel or to any individual grand juror."

Section 166, Code of Criminal Procedure, provides: "A challenge to the panel may be interposed by either party for one or more of the following causes only: (1) That the requisite number of ballots was not drawn from the jury box of the county or subdivision. (2) That notice of the drawing of the grand jury was not given. (3) That the drawing was not had in the presence of the officers designated by law, or in the manner prescribed by law."

[1] A motion to quash the indictment upon arraignment of the accused is authorized by the statute when the accused has not been held to answer and this motion is sufficient to present the supposed irregularity complained of in the matter of impaneling the grand jury. If the irregularity was such that a challenge to the panel should have been sustained, the trial court was in error in overruling the motion to quash the indictment.

[2] Appellant's specific contentions are that, at the time the grand jury was drawn, no valid order existed authorizing the drawing, and that no sufficient notice of the drawing had been given.

Section 710 of the Political Code provides: "That a grand jury shall not hereafter be drawn, summoned or required to attend

at the sitting of any court in this state * * * unless the judge thereof shall so direct by writing under his hand and filed with the clerk of the said court which order may be made by the court upon the petition of the state's attorney in writing, setting forth that in his opinion a grand jury is necessary to investigate some special and important case or cases, setting forth the facts upon which his opinion is founded," or upon a resolution of the board of county commissioners, asking the judge to "require the attendance of a grand jury, at any term of court to be held within said county."

Section 162 of the Code of Criminal Procedure further provides: "No grand jury shall be drawn, summoned or required to attend at the sitting of any court within this state unless the judge thereof shall so direct by writing, under his hand and filed with the clerk of said court," which order may be made upon the petition of the state's attorney or upon resolution of the board of county commissioners.

Section 716 of the Political Code also provides: "Within two days from the receipt of the order of the judge of the circuit court, directing a jury to be summoned, the clerk of the circuit court, or his deputy in case such clerk of court does not act, and the county auditor, county treasurer, and sheriff, or a majority of them, shall meet together at the county seat. * * * The meeting of said officers shall be after notice in writing has been served the same day upon them, or their deputies. * * * Said notice must be served by the said clerk of the court, and must state therein the object to be to draw names for jurors for the next term of the circuit court, and the place and time of such meeting."

The record in this case shows that a notice was served by the clerk, on the officers named in the statute, on the day on which the grand jury was drawn; but such notice referred only to the drawing of a petit jury, and did not include the drawing of a grand jury. Appellant therefore contends that no notice of the drawing of the grand jury was given as required by law, and that the indictment should have been quashed under subdivision 2, §166, Code of Criminal Procedure, which makes the failure to give this notice a specific ground of challenge to the panel.

Section 716, Political Code, supra, is the only section found in our Codes relating to notice of the drawing of jurors. It con-

tains no provision specifically referring to grand jurors. It requires merely that the notice to be served "must state therein the object to be to draw jurors for the next term of the circuit court, and the place and time of such meeting."

Section 717, Political Code, prescribes the procedure for drawing jurors from the box, and says: "And one of said county officers, other than the clerk of the court or his deputy, shall then proceed to draw enough of said tickets to equal the number of jurors directed to be summoned by the judge of the circuit court, and the clerk of the circuit court or his deputy shall record such names in the order in which they are drawn, in a book to be kept for that purpose. The jurors, first drawn, to the number required in the order, shall serve as grand jurors, if a grand jury shall be ordered to be summoned, and the remainder drawn in compliance with said order shall be liable to serve as petit jurors."

Under these provisions of our law, we are satisfied that a notice of the drawing of jurors to serve at a term of the circuit court sufficiently and substantially complies with the requirement as to notice of drawing grand jurors, even though the notice does not specifically recite that grand jurors as well as petit jurors are to be drawn at the time and place named in the notice.

Under a former California statute similar to our own, upon a motion to quash an indictment on the ground that notice of the drawing of a grand jury was not given as required by law, the Supreme Court of that state, in People v. Gallagher, 55 Cal. 462, said: "The drawing was regular. Verbal notice alone was given by the clerk to the superior judge and sheriff, but inasmuch as the object of the provision requiring notice is only that those officers may be present, and as the case shows they both were, in fact, present when the drawing was had, it is entirely immaterial whether any notice was given them." The record in this case shows that all the officers upon whom notice is required to be served were actually present when the grand jury was drawn. We are satisfied the trial court committed no error in refusing to set aside the indictment on that ground.

[3] Appellant further contends that the indictment should have been set aside for the reason that it was not found by a legal grand jury, in that the jury was drawn before the order therefor was filed with the clerk of the circuit court. A conclusive reply to

this contention is that such an irregularity is not made a ground of challenge to the panel by section 166, Code of Criminal Procedure. There is no contention on this appeal that the requisite number of jurors was not drawn from the jury box, or that the drawing was not had in the presence of the officers designated by law, or was not in the manner prescribed by law. See State v. Lamphere, 20 S. D. 98, 104 N. W. 1038.

[4] During the progress of impaneling the trial jury, the state asked permission to indorse on the indictment the names of 11 witnesses who did not testify before the grand jury, which was objected to by the defendant on the ground that he was not notified before the trial commenced that he would be compelled to meet these witnesses; that he was not prepared for trial in the face of that fact. The objection was overruled, and appellant assigns this ruling as error.

Precisely the same question was before this court in the case of State v. Fulwider, 28 S. D. 622, 134 N. W. 807, where this court held that, if a defendant was surprised by the indorsement of the names of new witnesses upon an information, he should have moved for a continuance or postponement of the trial to enable him to prepare to meet their evidence, and that, in the absence of a motion to postpone or continue the case, on the ground of surprise, no prejudice can be presumed.

[5] In this case, although appellant stated in his objection that he was not prepared for trial, in view of the number of new witnesses indorsed on the indictment, he did not in fact ask a postponement of the trial, and, in the absence of an affirmative showing of surprise, and a motion for a continuance of the case and an adverse ruling thereon, the question of the abuse of discretion on the part of the trial court is not before us for review on this appeal, and the record fails to show prejudicial error which would warrant a reversal.

Appellant also assigns error in overruling objections to the introduction of certain testimony and in refusing to strike out answers to questions propounded to certain witnesses. We have carefully examined the entire evidence in the record, and the particular rulings complained of, and, while some of the rulings may have been technically erroneous, we are not satisfied that any of them are so prejudicial as to require a reversal of the judgment.

[6]   Appellant further assigns as error the action of the trial court in permitting the official stenographer, over the objection of the defendant, to read small portions of the testimony of certain of the state's witnesses to the jury, during the argument of counsel for the prosecution.   It appears from the record that the court permitted this testimony to be read because of some controversy between counsel for the state and the defense, in the argument to the jury, as to the testimony of certain witnesses.   Such a proceeding, we think, is within the judicial discretion of the trial court, and, in the absence of an abuse of discretion, cannot be made a ground of reversal.   Nothing appears in the record before us which would warrant the conclusion that the trial court abused its discretion to the prejudice of appellant, in this particular.

The order and judgment of the trial court are affirmed.