[File No. Cr. 234]

STATE OF NORTH DAKOTA, Respondent, v. NORMAN ST. CROIX, Appellant.

(55 NW2d 635)

Opinion filed November 21, 1952

*Paul Campbell, Herigstad, Pringle & Herigstad,* for appellant.
*Elmo T. Christianson,* Attorney General, and *Earl Walter,* State's Attorney, for respondent.

GRIMSON, J. The defendant, Norman St. Croix, was convicted in the District Court of Burke County of the crime of operating a motor vehicle on the public highway while under the influence of intoxicating liquor. At the close of the state's case the defendant moved the court to advise the jury to return a verdict in this case for the acquittal of defendant and the dismissal of the case upon the ground of the insufficiency of the evidence. The court denied the motion, which was renewed at the close of all of the evidence and again denied. The jury returned a verdict finding the defendant guilty as charged. Judgment was rendered and the defendant sentenced to a term of imprisonment in the county jail and his driver's license suspended. The defendant appeals from the judgment entered on the verdict of the jury.

In support of his appeal the defendant specifies as error, (1) rulings of the court on the admission of evidence, (2) denial of his motions for an advised verdict, (3) insufficiency of the evidence to support the verdict, and (4) misconduct of the State's Attorney on the trial.

The events leading up to the arrest of the defendant took place at the town of Flaxton in Burke County, this state, and on that part of highway No. 5 in said county extending east from Flaxton a distance of approximately one and one-half miles. The defendant had driven to Flaxton in his pickup truck. The object of his trip was to sell ear corn. His hired man, J. C. Poppin, accompanied him. They arrived at Flaxton about two o'clock in the afternoon and went to the Floyd Halvorson Tavern and had a drink of whiskey. About three o'clock that afternoon the defendant met a Mr. Art Jacobson on the street. He, together with Mr. Jacobson, again went into the Halvorson tavern where he had another drink of whiskey. Defendant admits he may have been in the Halvorson tavern the third time that afternoon. Defendant sold Jacobson a load of corn. In the late afternoon or early evening defendant visited a tavern located in the basement of the hotel in Flaxton. About six-thirty or seven o'clock he and his hired man, Poppin, left Flaxton driving east on highway No. 5 in defendant's pickup truck with the defendant doing the driving. Shortly after leaving Flaxton the defendant recalled

that he had not told Mr. Jacobson how or when the corn Jacobson had purchased was to be delivered and decided to return to Flaxton to see him about it. Defendant then turned in to the driveway of the Huttner farm to turn around and in backing up to make the turn backed his truck all the way across the highway and into the ditch on the opposite side of the road with only the front wheels resting on the shoulder. There was snow in the ditch and some on the road. The truck stalled in the ditch. Huttner saw the truck in the ditch and came out to where it was and he and Poppin tried to push the truck out of the ditch while the defendant drove but they were unable to get it back on the road. Huttner then drove to Flaxton promising to send out a wrecker but before it arrived defendant walked in to Flaxton. The sheriff and his deputy drove to Flaxton in response to a call from the telephone operator advising him that there was a drunken driver on the highway, and when he approached Flaxton he saw the stalled truck in the ditch, stopped and found Poppin sitting in the cab of the truck and found a half-pint bottle of whiskey, about half full, in the cab of the truck which he took into his possession. The sheriff and his deputy took Poppin to Flaxton and on arriving there the sheriff observed the defendant walking down the sidewalk and enter a cafe. The sheriff followed and after defendant had admitted that the stalled truck was his and that he had driven it to the Huttner farm the sheriff arrested him. He took the defendant to Bowbells where this charge was lodged against him.

(1) We consider first the assignments of error relating to rulings on objections to the admission of evidence. The first one concerns the receipt in evidence of Exhibit 1, the open bottle of whiskey found by the sheriff in defendant's truck. Defendant denies that the bottle was his, that he consumed any of the contents, or that he had any knowledge whatever regarding it until it was shown to him by the sheriff after his arrest. He insists it was error to admit this exhibit in evidence or to permit the sheriff to testify regarding it because he says there is no evidence connecting him with it. It is true there is no evidence that the defendant purchased the bottle or had consumed any of its contents, but it was found in his truck a short time after he had

driven the truck from Flaxton to the point where it was stalled in the ditch and the presence of the open bottle of whiskey in the truck at that time was a circumstance the jury had a right to take into consideration in connection with the other evidence in the case in reaching a conclusion as to whether the defendant had been under the influence of intoxicating liquor when he drove his truck as above related. The objection was properly overruled. If the proffered evidence is relevant to the issue it is admissible. In State v. Isensee, 64 ND 1, 249 NW 898, we quote from 1 Wharton Ev 3rd ed Sec 21, p 13: "It is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less improbable. . . . Whatever is a condition, either of the existence or non-existence of a relative hypothesis may be thus shown." And, in State v. Heaton, 56 ND 357, 217 NW 531, there is this quotation from Thayer, Ev 2, 3: "If the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy it should go to the jury." The defendant denied having any knowledge of the exhibit until it was shown him by the sheriff and testified that his hired man, Poppin, was a drinking man and had been drinking that day, but Poppin, who could have furnished complete information regarding the ownership of the exhibit and defendant's knowledge or lack of knowledge regarding it was not called as a witness, nor was the failure to call him in any way accounted for. The facts here are somewhat analogous to those in State v. Rickel, 69 ND 329, 286 NW 895, where we said: "The issue was the condition of the defendant when driving. If he had a bottle half full of whiskey with him in the car at the time of the accident this could be shown."

Other rulings on evidence, where error has been assigned, are of such a nature that we do not believe it necessary to refer to each one specifically. Suffice it to say that we have examined them all and have concluded that none of them resulted in any prejudice to the defendant.

(2) The next assignment is predicated on the trial court's denial of defendant's motion for an advised verdict made at the close of the state's case and renewed at the close of all of the evidence. Clearly there was no error in these rulings. Our

statute, Sec 29–2137 NDRC 1943 provides that the court "may advise the jury to acquit the defendant, but the jurors are not bound by the advice, nor can the court, for any cause, prevent the jury from giving a verdict." We have held in numerous cases that error cannot be predicated on the denial of such a motion. Among the cases so holding are: State v. Wright, 20 ND 216, 126 NW 1023, Ann Cas 1912C, 795; State v. Thompson, 68 ND 98, 277 NW 1; State v. Dimmick, 70 ND 463, 296 NW 146; and, State v. Seeb, 76 ND 473, 37 NW2d 341.

(3) It is next argued that the evidence is insufficient to sustain the verdict. Earlier in this opinion we summarized the events that occurred and the defendant's connection with them during the afternoon and early evening of the day of his arrest and deem it unnecessary to reiterate those facts here. The defendant admits he drove his truck from Flaxton to the place where it stalled in the ditch, but maintains that he was not under the influence of intoxicating liquor. He admits having had three drinks during the afternoon. Mr. Bruce Baer who operates a bank exchange at Flaxton and is well acquainted with the defendant was a witness in his behalf. He saw the defendant in Flaxton shortly before he left town and testified that the defendant was not what he would call intoxicated, but that he could tell he had been drinking. The testimony of three bartenders who were on duty at the two taverns visited by the defendant, and all of whom were witnesses for the state, discloses that during the afternoon and early evening of the day in question the defendant was served not less than seven and probably as much as ten drinks of whiskey and that in each of the two taverns he engaged in what the witnesses described as loud talk. Both the sheriff and his deputy testified that when the defendant was arrested in Flaxton he was under the influence of intoxicating liquor. The sheriff also testified that the defendant "weaved" when he walked and that there was the odor of liquor on his breath. He is corroborated by his deputy. It is evident, therefore, that there was ample evidence from which the jury could find that the defendant was under the influence of intoxicating liquor when he drove his truck over the highway from Flaxton to

the point where it was found by the sheriff stalled in the ditch. The most that can be said for defendant's contention is that there was a conflict in the evidence, tacitly recognized in his motion for an advised verdict where his counsel says . . . "that a reasonable doubt as to a question of guilt appears . . . .," Nowhere do we find any claim that there is *no* evidence on which the jury might base a verdict of guilty, but merely that the evidence is *insufficient* to support such a verdict. A verdict based on conflicting evidence is binding on the court and will not be set aside on appeal. State v. Shepard, 68 ND 143, 277 NW 315 where numerous cases on this point, many of them from this court, are cited. In considering conflicting evidence in a criminal case where the defendant assigns as error the insufficiency of the evidence to support the verdict, the version of the evidence most favorable to the State is the one that will control. State v. Shepard, supra.

(4) The last assignment relates to alleged misconduct of the state's attorney during the trial and argument. Under that specification of error defendant's counsel complains of the manner and substance of the evidence presented by the state's attorney, constant leading of witnesses, asking for immaterial and collateral evidence, parading exhibit 1 before the jury and his failure to be fair and impartial in the conduct of the trial. The transcript shows, however, that in the examination of witnesses objections were made by defendant's counsel to the questions calling for the evidence he now objects to, and rulings were made by the court. No motion was made by the defendant for a mistrial on these or any other grounds. Neither did the defendant request the court to admonish counsel or instruct the jury regarding these matters. No record was made of the conduct now complained of, nor was it in any way called to the trial court's attention during the trial. It was presented to the trial court in the form of an unverified statement by counsel for the defendant entitled "Statement of Claimed Proceedings" submitted at the time the statement of the case was settled. The trial court refused to consider it. We have held in a number of cases that conduct or statements of the State's Attorney occurring during

the trial which are claimed to be improper or prejudicial to the rights of the defendant will not be considered on appeal unless they were put into the record and called to the attention of the trial court when they occurred and an opportunity afforded the trial court to correct them during the progress of the trial. State v. Moeller, 24 ND 165, 138 NW 981; State v. Glass, 29 ND 620, 151 NW 229; Beardsley v. Ewing, 40 ND 373, 168 NW 791; Stoskoff v. Wicklund, 49 ND 708, 193 NW 312; Leach v. Nelson, 50 ND 538, 196 NW 755; Rains v. State, 137 Ind 83, 36 NE 532; Erickson v. Wiper, 33 ND 193, 222, 157 NW 592.

Finding no prejudicial error in the record the judgment is affirmed.

MORRIS, C. J., and BURKE, SATHRE and CHRISTIANSON, JJ., concur.