STATE, Respondent v. POPPENGA, Appellant

(83 N.W.2d 518)

(File No. 9611. Opinion filed June 10, 1957)

Rehearing denied July 12, 1957

**Henry C. Mundt,** Sioux Falls, for Defendant and Appellant.

**Phil W. Saunders,** Atty. Gen., **Walter Mueller,** Asst. Atty. Gen., **Frank P. Gibbs,** State's Atty.,**William F. Clayton,** Deputy States Atty., Sioux Falls, for Plaintiff and Respondent.

RENTTO, J.   An information was filed in the municipal court of Sioux Falls on April 23, 1956, charging that the defendant on the preceding day committed the crime of drunken driving.   On trial to a jury he was found guilty. Before judgment he moved for a new trial which was denied. Judgment was entered and this appeal is from that judgment and the order denying a new trial.

By his assignments of error defendant claims that the trial court erred to his prejudice in the following particulars: (1) Allowing the name of a witness to be endorsed on the information; (2) Instructing the jury that having in his vehicle intoxicating liquor is prima facie evidence of a violation of the law prohibiting driving while intoxicated; (3) Admitting in evidence a bottle of whiskey found in defendant's car at the time of his arrest.   The latter two were also the basis of his motion for a new trial.   Other matters urged and argued are omitted as being without merit.

The evidence for the state showed that about 2:00 or 2:30 A. M. on the day in question, which was a Sunday, the sheriff of Minnehaha county accompanied by a state motor patrolman was driving into Sioux Falls from the west on Highway 16.   Three-quarters of a mile west of the city limits they came up behind a car going east at a speed of 35 to 40 miles per hour that was being driven in an erratic manner.   One of the witnesses characterized it as being all over the road.   In meeting a car coming from the city it

would travel on the gravel on the extreme right of the highway. When there was no oncoming traffic it would go to its left over the center line of the highway. This occurred three or four times before it reached the city. After observing this the officers tried to stop it by blinking their red lights and shining their spotlight across its rear window. These went unheeded. Finally when they were able to get alongside of it they sounded their siren. The car then proceeded at least 100 feet before coming to a stop.

The defendant was the driver and sole occupant of the car. The sheriff ordered him out of the car, placed him under arrest and searched the car. Under the front seat he found a bottle of whiskey. While the record is not too clear, it indicates that the seal on the bottle had been broken and some of its original contents were missing. At the time of his arrest the defendant denied being intoxicated and asked the officers to take him home saying that he had not hit anyone. He indicated that he wanted a test made of his blood but on the way to the hospital changed his mind.

When arrested and later when being placed in jail the defendant was quite belligerent. The testimony of the officers described his speech as slurred, jumbled and choppy. When standing he was unsteady and when walking he staggered. His eyes were bloodshot and droopy. His breath had the odor of intoxicating liquor. One of the witnesses said it "smelled like whiskey." It was the opinion of each of the three witnesses for the state that he was drunk. Defendant admitted that earlier in the evening he had drunk one highball in a bar in the city. After that he attended a public dance until it closed at midnight. From that time until just shortly before his arrest he had been at Club 16, a nightclub on Highway 16, a short distance west of Sioux Falls. He denied having drunk anything more than the one highball referred to. The weaving of his car observed by the officers he attributed to defective brakes.

After the jury was selected but before it was sworn to try the case, the state requested and was granted leave to endorse the name of an additional witness on the information. This witness was a college student who was

on duty as a part-time jailer when the defendant was jailed. The name of another jailer, not on duty that night, had mistakenly been endorsed as a witness when the information was filed. In support of his motion the state's attorney stated that the name of the jailer on duty that night had just then been made known to him. Defendant resisted the motion claiming that its allowance would deprive him of an opportunity to examine the jurors concerning their knowledge of and relationship with the witness.

While defendant stated in his objection that he was surprised by the endorsement he failed to move for a continuance or postponement of the trial on that ground in order to prepare to meet the testimony of such witness. In the absence of such motion no prejudice can be presumed from the endorsement. State v. Fulwider, 28 S.D. 622, 134 N.W. 807; State v. Forgraves, 32 S.D. 21, 141 N.W. 990. Whether the endorsement requested should have been allowed is a matter committed to the discretion of the trial court. State v. Jerke, 73 S.D. 64, 38 N.W.2d 874; State v. Johnson, 76 S.D. 37, 71 N.W.2d 733. In granting the motion the court permitted the defendant to examine all of the jurors concerning the additional witness. There is nothing in the record to indicate an abuse of discretion by the trial court in allowing the endorsement.

As one of its instructions the court told the jury "You are instructed that under the law of the State of South Dakota the having on or about the person, in his clothes or in and about his vehicle any intoxicating liquor is prima facie evidence of a violation of the law prohibiting driving while intoxicated. In this case evidence has been offered to show that a bottle of intoxicating liquor was taken from the motor vehicle being operated by the defendant and that evidence under the law is prima facie evidence of a violation of the law. Prima facie evidence is not evidence that is to be taken by the Jury as conclusive in any way, it is merely evidence which standing alone without any rebuttal or without contradiction is evidence upon which a charge may be based. In this case this evidence is to be considered by the Jury along with all other evidence in the case to determine

the guilt or innocence of the defendant of the charge of driving while under the influence of intoxication liquor."

To the giving of such instruction defendant made this objection:

"The defendant objects and excepts to the giving of Court's Instruction No. 9 for the reason that there is no evidence in this case whatsoever to the effect or in substance that the defendant in any shape, manner or form touched this bottle or drank from it on the night of the alleged offense. * * *

"And to claim that this Exhibit may be used and considered as prima facie evidence that the law was violated is confusing to the Jury in that the Jury may assume from the instruction itself that even though the defendant is not guilty of driving while under the influence of liquor that that this Exhibit may be used as evidence that he was guilty of driving while intoxicated and unclear to the Jury the exact effect that that may give to the Exhibit; that it is prejudicial and unfair in the form that it is given and in violation of his rights and unduly emphasizes the Exhibit '1'.

"And objected to on the further ground that the word prima facie is not explained to the Jury so that the Jury would understand how it is to be considered on the main question of whether he was under the influence of intoxicating liquor at the time it was alleged."

A portion of the objection is omitted because it pertains only to the question of search and seizure.

■ Defendant argues that SDC 44.9922 on which the questioned instruction is based was repealed by Ch. 246, Laws 1953, thus taking from the court any right it had thereunder to so instruct. In this contention he is correct. However, the grounds which he now urges against the instruction were not presented to the trial court upon the settlement of instructions. Accordingly, we may not consider them on this appeal. SDC 34.3627(5) and SDC 33.1318. The latter section provides:

"No grounds of objection or exception to the giving or refusing of an instruction shall be considered either on motion for new trial or appeal,

unless same was presented to the Court upon the 'settlement' of such instruction."

We are satisfied that if defendant's objection to the challenged instruction had included the grounds now urged that it would·not have been given by the trial court. It is to avoid this kind of error that SDC 33.1318 requires the objection to specify clearly wherein any instruction is insufficient or does nots tate the law. State v. Hanley, 58 S.D. 191, 235 N.W. 516.

■ Nevertheless, we have considered the instruction in the light of the entire record and are convinced that any error appearing therein was not prejudicial. We are satisfied his trial was not thereby rendered unfair. State v. Ballard, 72 S.D. 293, 33 N.W.2d 339. In passing on matters of this kind it must be borne in mind that the legislature in SDC 34.2902 has directed this court to disregard error which does not affect the substantial right of the defendant.

■ When the bottle of whiskey. was offered in evidence defendant's objection that it had been secured by an unlawful search and seizure was overruled. This objection relies on the rule announced in State v. Gooder, 57 S.D. 619, 234 N.W. 610 and followed in State v. Jackson, 61 S.D. 499, 250 N.W. 55. In the Gooder case this court adopted the Federal rule that evidence obtained by an unlawful search and seizure was inadmissible. As recently pointed out by us in State v. Lane, 76 S.D. 544, 82 NW2d 286, that rule has been legislatively abrogated in this state in those cases where the evidence involved was procured under color of a search warrant. SDC 34.1102. However, the exclusionary rule of the Gooder case is still in effect when the questioned evidence is illegally procured without color or authority of a search warrant. No search warrant is involved in this case.

■■ The defendant knew of the search and seizure at the time of his arrest. On the following day, which was April 23, he appeared in municipal court for arraignment with the counsel who represented him at his trial on May 1st. During this interval between his arraignment and trial he made no effort to have the bottle of whiskey returned or suppressed as evidence, but waited until it was offered as an ex-

hibit at the trial before making any objection. Under the circumstances of this case his objection was not timely made so he cannot avail himself thereof. Consequently we do not reach the question of whether the exhibit was legally seized as an incident to the arrest. In adopting the Federal rule in the Gooder case it was indicated that the rule could be availed of only where timely objection is made. In State v. Jackson, supra, this court laid down the requirement that a defendant who has opportunity to do so must make his motion in advance of trial. See also State v. Tanner, 58 S.D. 146, 235 N.W. 502; 23 C.J.S. Criminal Law § 1060b and 20 Am.Jur., Evidence, § 396.

The exhibit in question was further objected to on the grounds of relevancy and materiality. There is no merit in this. Whether the defendant was under the influence of alcoholic liquor at the time in question was a fact in issue in this prosecution. We believe that having in his possession the described bottle of whiskey in view of the state's testimony as to his condition at the time of his arrest would be rationally probative as to that issue. State v. St. Croix, 79 N.D. 269, 55 N.W.2d 635; see also State v. Dale, 66 S.D. 418, 284 N.W. 770. It follows that the trial court committed no error in admitting the exhibit.

The judgment and order appealed from are affirmed.

All the Judges concur.