**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Douglas Wayne COE, Defendant and Appellant.**

No. 12720.

Supreme Court of South Dakota.

Argued Nov. 7, 1979.

Decided Dec. 24, 1979.

Leann Larson Finke, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Robert J. Wagner, Watertown, for defendant and appellant.

DUNN, Justice.

Defendant appeals his conviction and sentence on charges of possession of a concealed weapon with intent to commit a felony and first-degree armed robbery. We affirm.

During the early morning hours of June 27, 1978, a robbery occurred at the Country Kitchen Restaurant in Watertown, South Dakota. Three employees were eyewitnesses. They testified that at about 3 a. m. defendant entered the restaurant, asked for change for a dollar, pulled a gun, pointed it at the attending waitress and grabbed approximately $200 in coin and currency from the cash register.

The Watertown police were called, and two officers arrived on the scene within minutes. The witnesses described the robber as a thin man of medium height with surgical tape across his eyebrows and nose.

He was wearing a blue quilted jacket, blue pants, boots, sunglasses and a dark stocking cap.

While enroute to the Country Kitchen, two other officers stopped a car that had run a stop sign at Sixth Avenue South and Maple in Watertown. The car was the only vehicle moving in the residential district at that time. It was spotted within two or three minutes of the reported robbery. It was traveling in a direction away from the Country Kitchen and was only three blocks away from the restaurant. The officers "pat searched" the occupants and radioed for a description of the robbery suspect. They were given a description matching that of one of the automobile's occupants— defendant Coe. A plain view search at the scene revealed .357 and .38 revolvers loaded with hollow point bullets and a stocking cap. In the course of a search incident to the arrest, the officers found a blue quilted jacket containing sunglasses in one pocket and $200 in coin and currency in the other pocket. A later search of the area where the stop occurred produced a piece of white tape with hair sticking to its adhesive side.

At the police station, the three employee/eyewitnesses were individually shown a group of photographs that included one of the defendant. Each employee quickly identified defendant, despite the fact that only photographs of men with beards similar to that of the defendant were included in the group.

A four-man lineup was held shortly thereafter. All of the participants were inmates of medium height and weight clothed in prison garb. Each employee viewed the lineup individually, and each quickly identified defendant. The state's attorney supervised the procedure.

On the morning defendant's trial commenced, the trial court allowed the late endorsement of witness Bruce Tchida to the information. During the trial, the court refused to grant defendant's motion to dismiss the charge of possessing a concealed weapon with intent to commit a felony.

We find that the officers acted properly in stopping the vehicle, frisking the occupants and arresting defendant. The testimony indicated that the officers, after being alerted that a robbery had just taken place at the Country Kitchen, spotted this out-of-state vehicle running a stop sign just three blocks from and proceeding away from the restaurant within three minutes of the robbery report. It was the only moving vehicle in the area. We find that the vehicle was properly stopped and that the items appearing in plain view, together with the description of the robber received over the radio, provided probable cause for arrest. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); SDCL 23–1A–7.

Likewise, the subsequent full search of the vehicle at the police station was properly performed. A valid search warrant had been obtained. In fact, the officers would have been justified in making a full search at the scene of the stop without a search warrant. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Orricer v. Erickson,* 471 F.2d 1204 (8th Cir. 1973).

Defendant failed to preserve the issue of the propriety of the photographic identification and the lineup. No objection was made at trial. This court has never adopted the plain error rule. *Application of Heintz,* 78 S.D. 188, 99 N.W.2d 794 (1959). Furthermore, the precautions taken, as mentioned above, make it clear that the identification procedures were fairly executed.

The late endorsement of witness Tchida was proper. Mr. Tchida had been a cellmate of defendant, and the state's attorney did not know of his whereabouts until he appeared in Watertown late in the afternoon of the day before trial. The prosecution and the trial court made every effort to minimize prejudice by giving defense counsel any time necessary to interview the witness before he testified. Defendant neither availed himself of this opportunity nor moved for a continuance. This failure is

fatal. *State v. Poppenga,* 76 S.D. 592, 83 N.W.2d 518 (1957). Furthermore, there is no showing of bad faith on the part of the prosecutor, and the trial court's wide discretion in allowing late endorsements should not be disturbed in this instance. *State v. Rober,* 86 S.D. 442, 445, 197 N.W.2d 707, 709 (1972).

 The trial court properly denied defendant's motion to dismiss the charge of possession of a concealed weapon with intent to commit a felony. It is uncontroverted that defendant concealed a revolver on his person, pulled it and pointed it at a waitress in the restaurant. Furthermore, even though a single transaction gave rise to both the first-degree robbery charge and the concealed weapon charge, defendant cannot claim double jeopardy. This court has adopted the "same evidence" test with regard to double jeopardy. In *State v. Pickering,* 88 S.D. 548, 553–554, 225 N.W.2d 98, 101 (1975), we quoted with approval from *State v. Cook,* 261 Iowa 1341, 158 N.W.2d 26 (1968), as follows: "'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" It is clear that the two crimes involved here require proof of different facts. SDCL 22–14–8 and SDCL 22–30–1 through 22–30–6. Additionally, where the information charges separate offenses in two counts, as is the case here, separate sentences may be imposed for each offense. *State v. Teutsch,* 80 S.D. 462, 467–468, 126 N.W.2d 112, 115 (1964).

 Finally, defendant claims that his sentence of thirty-five years in the penitentiary on the armed robbery charge and five years on the concealed weapon charge (to be served concurrently) is excessive because his two cohorts received substantially lighter sentences. Defendant, however, actually perpetrated the robbery while his companions merely manned the getaway vehicle. The trial court was well within its discretion in sentencing because defendant had also been adjudicated an habitual offender under SDCL 22–7. The court could have sentenced him to life imprisonment. SDCL 22–7–8. A sentence within statutory limits will not be disturbed. *State v. Austin,* 84 S.D. 405, 172 N.W.2d 284 (1969).

The judgments of the trial court are affirmed.

WOLLMAN, C. J., and MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

I concur in the disposition of this case. However, I take exception to the last sentence that states: "A sentence within statutory limits will not be disturbed." The scope of our review is not merely perfunctory. In rare instances, where the sentence prescribed is so excessive or disproportionate to the crime committed as to "shock 'the conscience and reason of men generally,'" this court is justified in interfering with the discretion and judgment of the trial judge, notwithstanding that the sentence imposed is within the statutory limits. *State v. Bad Heart Bull,* 257 N.W.2d 715 (S.D.1977). *See also State v. Holmes,* 270 N.W.2d 51 (S.D. 1978); *State v. Becker,* 3 S.D. 29, 51 N.W. 1018 (1892). The duration of this particular sentence does not shock the conscience and reason of men generally and is not constitutionally offensive.