**STATE of South Dakota, Plaintiff and Appellee,**

**v.**

**Wesley W. WILSON, Defendant and Appellant.**

**No. 13570.**

Supreme Court of South Dakota.

Argued May 19, 1982.

Decided Aug. 11, 1982.

Grant E. Gormley, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Dale L. Strasser of Blue & Strasser, Freeman, for defendant and appellant.

FOSHEIM, Justice.

Wesley W. Wilson (appellant) was convicted of grand theft in violation of SDCL 22–30A–17(1).[1] He appeals from the judgment and sentence. We affirm.

---

1. SDCL 22–30A–17(1) reads: Theft is grand theft, if: (1) The value of the property stolen exceeds two hundred dollars[.]

On March 20, 1980, appellant and Steve Schramm stole a pickup truck load of beans and two augers from a vacant farm west of Sioux Falls. Appellant hauled the stolen beans to Tea, South Dakota, and sold them to the Huntting Elevator Company. Upon his return, appellant showed Steve Schramm a check for $457.37 from the Huntting Elevator Company bearing the name of "Les Nelson" as payee. Appellant and Schramm then drove to the Western Bank in Sioux Falls, South Dakota, and deposited the Les Nelson check to the business account of appellant. Schramm subsequently received $100 from appellant.

Before trial, appellant moved to suppress evidence from Western Bank showing that the Les Nelson check was deposited to his "Kwik-Hang Drywaller" business account. At the hearing on this motion a special agent of the State Division of Criminal Investigation (DCI) testified that he obtained a warrant directing Western Bank to search their records for a "microfilm copy of a check dated on or about March 19, 1980 issued from an unknown payor to Vernon Otten and endorsed and deposited in the checking account of Wesley W. Wilson." The bank informed the agent that the account was closed, whereupon the warrant and supporting papers were returned. The DCI agent testified that he thereafter received a copy of the Les Nelson check from the Huntting Elevator Company and returned to the Western Bank to verify deposit of the original in the Kwik-Hang Drywaller account. Sherri Brehm, a bank officer, provided that verification. No bank records were inspected by, or given to, the DCI agent. Prior to trial the court ruled that the evidence obtained from Sherri Brehm without a warrant was illegal and inadmissible. The trial court, however, further ruled that evidence of the Les Nelson check and its deposit in Western Bank, discovered independent of the invalid search, would be admissible at trial.

Steve Schramm testified at the trial that he and appellant stole the beans and augers on March 20, 1980; that appellant sold the beans at the Huntting Elevator Company and showed him the check therefore pay-

able to Les Nelson. He further stated that he and appellant went to the Western Bank where appellant deposited the Les Nelson check. Laurie Ihnen, a bookkeeper for the Huntting Elevator Company, testified that she issued the check for $457.37, payable to Les Nelson, for a load of beans on March 20, 1980. Sherri Brehm continued the sequence by testifying that based on the markings on the back of the Les Nelson check, she could identify the check as having been deposited at Western Bank on March 20, 1980. The State then introduced the testimony of Phyllis Wright, a Western Bank teller, that appellant deposited a check in the approximate amount of the Les Nelson check at the Western Bank on March 20, 1980, to the Kwik-Hang Drywaller account appellant's—business account. She specifically remembered appellant making a deposit on that date and said her memory of the amount of the deposit and the account to which it was made was refreshed when appellant and his attorney came to the bank a week before trial, produced a deposit slip dated March 20, 1980, bearing the Kwik-Hang Drywaller account number, and asked her to tell them the name of the account indicated on the deposit slip.

▮ Defense counsel objected to Ms. Wright's testimony, claiming it violated the standing suppression order. The trial court overruled the objection, stating "this evidence is not tainted; that it is admissible as far as what she knows about the transaction; it's independent of the illegal search that took place." That ruling is challenged. Appellant's argument stems from the "fruit of the poisonous tree" doctrine, articulated by the United States Supreme Court in *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and by this court in *State v. Pierson*, 248 N.W.2d 48 (S.D.1977). However, neither *Wong Sun* nor *Pierson* requires the exclusion of evidence where knowledge thereof can be attributed to a source independent of the illegally obtained evidence. It is undisputed that Ms. Wright approached the state's attorney on the first day of trial with the

revelation of knowledge linking appellant with the Les Nelson check and the Kwik-Hang Drywaller account. We accordingly agree with the trial court that Ms. Wright's evidence was independently obtained, and hence not the fruit of the suppressed evidence.

Ms. Wright was subpoenaed to testify for the defense. However, after she contacted the state's attorney with the above information, appellee promptly moved to add her name as a witness on the information. Appellant contends the trial court erred when it granted the motion. SDCL 23A–6–10 states:

> The prosecuting attorney shall endorse upon each information the names of the witnesses known to him at the time of its filing. Any further endorsement of names upon the information shall be done only with permission of the court. This section shall not preclude calling any witnesses whose names or the materiality of whose testimony is first learned by the prosecuting attorney during the trial. This section does not require the endorsement of names of witnesses which are to be used only in rebuttal.

Since Ms. Wright's name and the materiality of her testimony was first learned by the prosecuting attorney during the trial, the trial court properly allowed the endorsement. Although appellant urges surprise he did not move for a continuance. That failure is fatal to his argument of prejudice. *State v. Coe*, 286 N.W.2d 340 (S.D.1979); *State v. Poppenga*, 76 S.D. 592, 83 N.W.2d 518 (1957).

The final issue presented is whether the trial court erred in imposing a consecutive sentence. The trial court sentenced appellant to ten years in the state penitentiary. Four years were concurrent with, and six years consecutive to, a ten-year sentence he was then serving on a prior

burglary conviction. In *State v. Flittie*, 318 N.W.2d 346, 349 (S.D.1982), we said, regarding SDCL 22–6–6.1:[2] "It is apparent that the purpose of the statute is to limit a court's power to impose consecutive sentences to situations described in the statute. Since judgment had already been entered on the conspiracy conviction, the trial court was without power to order that defendant's sentence on the accessory conviction run consecutively to it." As in *Flittie*, the trial court was without authority to impose a consecutive sentence. Subsequent developments, however, render the error harmless. Appellant's original sentence was dated August 25, 1981. On December 28, 1981, the United States District Court ordered his immediate release from imprisonment on the prior burglary conviction. As a consequence of the District Court's order, on January 13, 1982, the trial court amended the August 25, 1981, sentence to a seven-year prison term, the time to commence running on the date of the grand theft conviction. Since the consecutive sentence provisions of the challenged sentence are no longer operative, no substantial rights of appellant are affected. SDCL 23A–44–14.[3]

We have reviewed the other issues advanced and find they were not preserved for appeal. We affirm the judgment of conviction.

All the Justices concur.

---

**2.** SDCL 22–6–6.1 reads: If a defendant has been convicted of two or more offenses before judgment on either, the judgment may be that the imprisonment on either one may commence at the expiration of the imprisonment upon any other of the offenses.

**3.** SDCL 23A–44–14 reads: Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.